WILKERSON ET AL., APPELLANTS, *v.* EATON CORPORATION ET AL., APPELLEES.

[Cite as *Wilkerson v. Eaton Corp.* (1994), 70 Ohio St.3d 394.]

(No. 94–1083—Submitted August 31, 1994—Decided September 28, 1994.)

---

*McCarthy, Lebit, Crystal & Haiman Co., L.P.A., David A. Schaefer* and *Jeffrey A. Huth,* for appellee.

---

The judgment of the court of appeals is reversed and the cause is remanded to the trial court to apply *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, decided today.

A.W. SWEENEY, DOUGLAS, RESNICK and PFEIFER, JJ., concur.

MOYER, C.J., and WRIGHT, J., dissent.

F.E. SWEENEY, J., not participating.

WRIGHT, J., dissenting. I believe the majority has acted hastily in this matter which involves nothing more than the propriety of a variety of procedural rulings by the trial court. In my view, *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, is not involved here.

A motion for summary judgment forces the nonmoving party to produce evidence on issues for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. The evidentiary materials must be timely filed. Civ.R. 56(C). *The nonmovant must also present specific facts and may not rely merely upon the pleadings or upon unsupported allegations.* See *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295.

In this case, although appellants conducted extensive discovery during the three-year period preceding the motion for summary judgment, appellants never filed any of the fruits of discovery with the trial court prior to the grant of summary judgment. At the time the trial court ruled upon appellees' motion for summary judgment, appellants had not filed the three relevant depositions, the pertinent trial transcript, the answers to interrogatories or the written admissions with the trial court. Thus, the trial judge possessed *no* evidence from appellants upon which they could base a claim of wrongful discharge. In essence, appellants did not support their allegations that Eaton's discriminatory discharge of Wilkerson violated public policy or breached an employment contract created expressly, impliedly or by virtue of estoppel. Appellants never met the burden of production they were required to bear in accordance with *Wing, supra.* Thus, I must respectfully dissent.

MOYER, C.J., concurs in the foregoing dissenting opinion.