THOMAS, Appellant,

v.

MASTERSHIP CORPORATION, Appellee.

[Cite as *Thomas v. Mastership Corp.* (1995), 108 Ohio App.3d 91.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68902.

Decided Dec. 18, 1995.

*Alan I. Goodman,* for appellant.

*Kenneth D. Meyers* and *Avery S. Friedman,* for appellee.

---

O'DONNELL, Judge.

James R. Thomas, a draftsman-designer, appeals from decisions of the common pleas court granting summary judgment in favor of Mastership Corporation and denying reconsideration of that judgment on claims that Thomas was an at-will employee properly discharged from Mastership. For the following reasons, we affirm the judgment of the trial court.

On May 19, 1987, James Thomas agreed to perform engineering, drafting, and related services for Mastership on a parttime basis as an independent contractor working out of his home. Thereafter, he began to work fulltime as design supervisor for Mastership until he resigned from that position on September 2, 1988, and again became an independent contractor. On December 24, 1990, Internal Revenue Service proposed certain changes to Thomas's 1988 tax return which prompted Thomas to seek a determination letter from IRS as to his employment status with Mastership. In February 1991, IRS requested additional information from Mastership, and ultimately determined Thomas's status as employee, which resulted in an obligation for Mastership to pay back withholding, social security and other employment taxes for Thomas, and other similarly situated individuals at Mastership. Despite the fact that on January 3, 1991, Thomas received an excellent review by his supervisor and a pay raise, his position was terminated in March 1991 for economic reasons.

Thomas filed suit claiming retaliatory discharge for advising IRS about his employment status and also alleging entitlement to overtime compensation and benefits. In response, Mastership argued Thomas was an employee at-will who

was discharged for economic reasons and was not entitled to overtime, since he was an independent contractor.

The trial court granted summary judgment on Thomas's claims of retaliatory discharge and breach of contract, and the remaining claims were later settled. Thomas then moved the court to reconsider based on *Painter v. Graley* (1994), 70 Ohio St.3d 377, 639 N.E.2d 51, but the trial court denied relief. The matter is now presented to this court on the original and amended notices of appeal which include both trial court determinations for our review.

Thomas raises two assignments of error which share a common basis of law and fact and shall be treated together:

"I. The lower court erred in granting summary judgment as there was a genuine issue of fact as to whether the appellee's decision to terminate the appellant was at least in part related to his inquiry to the I.R.S. regarding his employment status.

"II. The lower court erred in overruling appellant's motion for reconsideration in that there was a question of fact as to whether the appellee violated public policy by terminating the appellant after he inquired to the I.R.S. as to his employment status."

 The review standards for matters involving summary judgment are well known. Summary judgment shall be granted when there are no genuine issues of material fact presented and when after considering all evidence most strongly against the movant, that moving party is entitled to judgment as a matter of law. Civ.R. 56. When a moving party has met his burden of proof demonstrating no factual issues and entitlement to judgment, the opposing party may not rest on mere allegations or denials in pleadings, but must produce evidence on any issue for which that party bears the burden of production at trial. See *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, and *Wing v. Anchor Media Ltd., of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Further, nonmaterial factual disputes will not be considered because the court's duty is to consider "[o]nly disputes over the facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 211.

Here, concerning the first assignment of error, Thomas states in his brief, "While the decision of the lower court granting summary judgment may have been justified under the restricted interpretation the Supreme Court of Ohio gave to the public policy exception to the employment-at-will doctrine before September 28, 1994, the court should have granted appellant's motion for reconsideration filed after that date."

Thus, we shall confine our review to matters concerned with the motion for reconsideration. Essentially, Thomas argues that the Ohio Supreme Court has changed the law regarding public policy exceptions to the employment-at-will doctrine and the trial court therefore erred by not following the decisions in *Painter, supra,* 70 Ohio St.3d 377, 639 N.E.2d 51, and *Wilkerson v. Eaton Corp.* (1994), 70 Ohio St.3d 394, 639 N.E.2d 63.

Mastership Corporation concedes in its brief that *Painter v. Graley* may have expanded the range of public policy sources a court may consider in determining whether a situation falls within the public policy exception to the employment-at-will doctrine, but urges that Thomas was terminated for economic reasons and he has not produced evidence to refute this contention. While maintaining that Thomas has presented the matter of an employee with a self-induced tax problem, Mastership agrees that if Thomas presented evidence to refute reasons for discharge or support a claim of retaliation, the cases cited by Thomas in his brief would "win the day for him."

Thus, the issue presented to us is whether the trial court properly granted summary judgment by determining no genuine issues of material fact exist and concluding Mastership's entitlement to judgment as a matter of law.

We begin our analysis by examining the case of *Painter v. Graley,* in which the Ohio Supreme Court affirmed *Greeley v. Miami Valley Maintenance Ctrs., Inc.* (1990), 49 Ohio St.3d 228, 551 N.E.2d 981, overruled *Tulloh v. Goodyear Atomic Corp.* (1992), 62 Ohio St.3d 541, 584 N.E.2d 729, and, as relevant to this matter, stated the law in paragraph three of the syllabus as follows:

" 'Clear public policy' sufficient to justify an exception to the employment-at-will doctrine is not limited to public policy expressed by the General Assembly in the form of statutory enactments, but may also be discerned as a matter of law based on other sources, such as the Constitutions of Ohio and the United States, administrative rules and regulations, and the common law."

■ At issue here is the reason for Thomas's termination from employment—either involvement with the Internal Revenue Service which ultimately involved Mastership or economic reasons.

■ Since the Ohio Supreme Court has stated clear public policy sufficient to justify an exception to the employment-at-will doctrine may be discerned as a matter of law based on other sources including administrative rules and regulations, we concern ourselves with the right of the appellant to seek direction and/or clarification from Internal Revenue Service. Enough has been written

concerning the duty and obligation of taxpayers to timely and accurately file returns that we need not detail the significance and importance of encouraging such a public policy. Suffice to say that inasmuch as the Supreme Court of this state has enunciated this public policy exception, our next determination concerns whether Thomas has sufficiently stated his position to fall within that exception. As stated in paragraph two of the syllabus of *Painter*:

"[A] plaintiff must allege facts demonstrating that the employer's act of discharging him contravened a 'clear public policy.' "

Upon examination of the complaint filed in this case, nowhere does it detail any contravention of public policy. Further, appended to appellant's brief is Exhibit C, a letter written May 6, 1991, in which the Internal Revenue Service determined James R. Thomas to be an employee of Mastership, not an independent contractor. The facts are not disputed that Mastership terminated Thomas in March of that year, two months before Mastership learned of the IRS's determination. Therefore, based upon the facts as presented to the court, we are not persuaded that the trial court erred in failing to grant reconsideration of its summary judgment determination made in this case because Thomas failed to detail that his termination from employment contravened clear public policy and the evidence shows Mastership did not know of the IRS's position until after it terminated Thomas which makes it less likely his termination was in retaliation for it.

Accordingly, we find no merit to the assignments of error presented, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, C.J., and DYKE, J., concur.