OPINION
Plaintiffs, Sami Faour and Three Diamonds, Inc.,[1]
appeal from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant City of Columbus on plaintiffs' claim for defamation.
The materials supporting and opposing summary judgment establish the following:
Plaintiffs have operated a small convenience-style grocery store and laundromat, South Campus Laundry Carryout ("South Campus Carryout"), at 1481 North High Street, Columbus, Ohio, since 1994. At all times pertinent to the instant appeal, South Campus Carryout neither held a liquor permit nor sold alcoholic beverages.
In December 1996, Steve Nicol, a member of the University Area Commission's ("UAC") safety commission, drafted a letter on behalf of the UAC to Columbus City Council, objecting to the annual renewal of South Campus Carryout's liquor permit. The draft letter was based solely on observations made by Nicol of persons who congregated outside of South Campus Carryout. The observations were made as he drove by the establishment in his car.
Nicol faxed the draft letter to Benjamin Brace, recording secretary of the UAC. Based on the information contained in Nicol's letter, Brace sent a letter on behalf of the UAC to Columbus City Council, objecting to the renewal of the liquor permit. In the letter dated December 6, 1996, Brace stated that the UAC had declared in its December 5, 1996 meeting that South Campus Carryout had "no regard for the community, the type of clientele they choose to cater to or who they sell alcoholic products to." Brace further stated that "[t]hese establishments are a gross public nuisance and are [a] serious threat to the quality of life in the immediate neighborhood and the efforts being put forth by the Commission, Campus Partners and the citizens of the University District to IMPROVE the University area."
Pursuant to the UAC's letter, Columbus City Council, on December 16, 1996, adopted Resolution 171X-96, finding, in pertinent part, that "* * * South Campus Carryout * * * has operated the liquor permit business in a manner that demonstrates a disregard for the law, regulations or local ordinances of this state and city * * *." On December 25, 1996, the Columbus NorthwestNews and The Booster reported the official action taken by the UAC and City Council regarding South Campus Carryout.
On December 17, 1997, plaintiffs filed a complaint against CM Media, Inc. ("CM Media"), the owner and operator of theNorthwest Columbus News and The Booster, James A. Toms, General Manager and Publisher of both newspapers, and the City of Columbus ("City")[2]. Plaintiffs alleged that the letter written by Brace and the articles printed in Columbus Northwest News and TheBooster were defamatory. Plaintiffs also alleged that remarks made by members of City Council during the December 16, 1996 meeting were defamatory.
Defendants CM Media and James A. Toms filed a motion for summary judgment, which was granted by the trial court on October 1, 1998. No appeal was taken from that judgment.
The City filed a motion for summary judgment on November 12, 1998. By decision dated December 21, 1998, the trial court granted the City's motion, finding that Columbus City Council possessed an absolute immunity regarding the remarks made during the December 16, 1996 council meeting and that a qualified privilege attached to both the UAC and Brace regarding the letter written by Brace on behalf of the UAC. The court also found that no genuine issue of material fact existed as to whether the City acted with "actual malice." The court's decision was journalized by entry dated January 20, 1999.
Plaintiffs appeal, advancing a single assignment of error:
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT CITY OF COLUMBUS' MOTION FOR SUMMARY JUDGMENT IN THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING THE ISSUE OF QUALIFIED PRIVILEGE.
Pursuant to Civ.R. 56(C), summary judgment is proper when "* * * (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. * * *" State ex rel. Parsons v. Fleming
(1994), 68 Ohio St.3d 509, 511, citing Temple v. Wean United, Inc.
(1977), 50 Ohio St.2d 317, 327. The party seeking summary judgment bears the burden of showing that no genuine issue of material fact exists for trial. Miller v. Bike Athletic Co.
(1998), 80 Ohio St.3d 607, 617. However, the nonmovant may not rely upon the mere allegations or denials contained in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. Wikerson v. Eaton Corp. (1994),70 Ohio St.3d 394, 395; Civ.R. 56(E).
In reviewing a trial court's disposition of a summary judgment motion, an appellate court applies the same standard as that applied by the trial court. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107. An appellate court reviews a summary judgment disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711. Summary judgment is a procedural device to terminate litigation, so it must be awarded cautiously, with any doubts resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356, 358-359.
In a defamation action, a plaintiff must establish the existence of a false publication by the defendant to another that causes the plaintiff injury to his reputation, exposes him to public hatred, contempt, ridicule, shame or disgrace, or affects him adversely in his trade or business. A B-Abell Elevator Co.v. Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995),73 Ohio St.3d 1, 7. Once a prima facie case for defamation is established, a defendant may avoid liability by establishing the defense of a qualified privilege. Mosley v. Evans (1993),90 Ohio App.3d 633, 636.
Once a defendant successfully establishes the defense of qualified privilege, the plaintiff may not recover for defamation unless he can present clear and convincing evidence that the defamatory statements were made with actual malice. To establish actual malice, a plaintiff must demonstrate that the defamatory statements were made "with knowledge that the statements are false or with reckless disregard of whether they were false or not."Smith v. Ameriflora 1992, Inc. (1994), 96 Ohio App.3d 179, 185, quoting New York Times Co. v. Sullivan (1964), 376 U.S. 254,84 S.Ct. 710.
To establish reckless disregard, sufficient evidence must be presented by the plaintiff to permit a finding that the defendant had serious doubts as to the truth of the publication.A B-Abell, supra, at 12. Failure to investigate the truth of the communication is not of itself enough to establish reckless disregard. Dale v. Ohio Civ. Serv. Emp. Assn. (1991),57 Ohio St.3d 112, 118. However, reckless disregard may be found "where a story is fabricated by the defendant, is the product of his imagination, or is based wholly on an unverified anonymous telephone call." A B-Abell, supra, at 13, quoting St. Amant v.Thompson (1968), 390 U.S. 727, 733, 88 S.Ct. 1323, 1327. In determining whether a plaintiff has met the burden of demonstrating actual malice, an appellate court must independently review the sufficiency of the evidence. Id.
Plaintiffs do not dispute the trial court's findings that an absolute privilege attached to City Council regarding remarks made during the December 16, 1996 meeting, or that a qualified privilege attached to the City regarding the defamatory statements contained in the letter written by Brace on behalf of the UAC. Plaintiffs maintain, however, that a genuine issue of material fact exists as to whether or not the City acted with actual malice in the publication of the letter to City Council.
Construing the evidence in a light most favorable to plaintiffs, we conclude that a genuine issue of material fact exists as to whether the City's statements that South Campus Carryout had "no regard for the community, the type of clientele they choose to cater to or who they sell alcoholic products to," and was "a gross public nuisance and * * * [a] serious threat to the quality of life in the immediate neighborhood" were statements published with reckless disregard as to their truth or falsity.
Plaintiffs' evidence demonstrates that South Campus Carryout neither held a liquor permit nor sold alcoholic beverages. The City's evidence demonstrates that the statements contained in the UAC letter to City Council had no factual foundation. In his affidavit, Nicol stated that the letter drafted to City Council was based solely on observations he made of persons congregated outside of South Campus Carryout while he drove past the establishment in his car. Both Nicol and Brace stated in their affidavits that they had never met with or communicated with Mr. Faour and had never been inside South Campus Carryout. There is no evidence either describing or demonstrating the identity or the behavior of the persons Nicol observed congregated outside South Campus Carryout, nor is there evidence that these persons were customers of South Campus Carryout or were even permitted inside the establishment.
A determination as to whether a defendant in a defamation case acted with actual malice does not readily lend itself to summary disposition, as such determination calls into question the defendant's state of mind. Condit v. Clermont Cty.Review (1994), 93 Ohio App.3d 166, 174. The materials supporting and opposing summary judgment demonstrate more than a mere failure to investigate; the materials support the inference that the City acted in reckless disregard as to whether the statements contained in the letter sent to City Council were true or false. Reasonable minds could differ as to whether actual malice was demonstrated with convincing clarity, and there are issues of material fact which a jury must be permitted to decide. Accordingly, we conclude that the trial court erred in granting summary judgment in favor of defendant, City of Columbus.
For the foregoing reasons, plaintiffs' assignment of error is sustained, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and cause remanded.
BOWMAN and TYACK, JJ., concur.
[1] Sami Faour is the President of Three Diamonds, Inc.
[2] Plaintiff's original complaint named the "City of Columbus University Area Commission," "Benjamin Brace," and "City of Columbus City Council" as defendants. Plaintiffs later amended their complaint to substitute the "City of Columbus" as proper defendant for the "City of Columbus University Area Commission," "Benjamin Brace" and "City of Columbus City Council."