KREJCI ET AL., APPELLEES, *v.* CLARK ET AL., APPELLANTS.

(No. 56953—Decided July 10, 1989.)

*Teddy Sliwinski,* for appellees.
*Anthony J. Celebrezze, Jr.,* at-

torney general, and *Nancy H. Rogoff,* for appellants.

*Per Curiam.* The Superintendent of the Ohio Division of Real Estate appeals from a summary judgment rendered in favor of plaintiff Alfred Krejci on his application to recover from the Real Estate Recovery Fund.

Plaintiff's application alleged that he had been awarded a judgment in the sum of $13,200 against real estate broker Elaine Clark. Clark had listed plaintiff's house through her real estate company. When the house did not sell, plaintiff alleged that Clark fraudulently misrepresented that her real estate company could purchase the house through special financing available to brokers. The real estate company would then sell the house on its own behalf. The real estate company, through Clark, purchased the house for less than its listed price. Clark told plaintiff that she would execute a note for $13,200, the difference between the selling price and the listing price, making the note payable to plaintiff. The executed note, however, was made payable to the real estate company. In addition, plaintiff alleged Clark received a commission on the sale even though the sales contract

specifically prohibited her from doing so. The application further alleged that Clark and her real estate company were bankrupt, and that the plaintiff had fulfilled the remaining requirements to share in the fund.

The trial court granted plaintiff's motion for summary judgment on the application, specifically finding that the initial judgment against the broker arose out of a fraud in the sale of plaintiff's house. The superintendent's assigned errors contest that judgment. The issue is whether plaintiff obtained a final judgment against the broker in her capacity as a real estate broker on the grounds of conduct in violation of R.C. Chapter 4735.

The superintendent first contends that the original judgment against Clark was not sufficiently identified as being based on conduct in violation of R.C. Chapter 4735. She maintains that this failure precludes recovery from the fund pursuant to R.C. 4735.12(B).

This court has held that conduct set forth in R.C. 4735.18, when proved, is "in violation of" R.C. Chapter 4735 within the meaning of R.C. 4735.12(B).[1] See *Yeager* v. *Inland Mut. Ins. Co.* (June 17, 1982), Cuyahoga App. No. 43968, unreported, at 7. The complaint against

---

[1] R.C. 4735.12(B) provides:

"(B) When any person * * * obtains a final judgment * * * against any broker or salesman licensed under this chapter, on the grounds of conduct that is in violation of this chapter * * *, such person may file a verified application * * * in any court of common pleas for an order directing payment out of the real estate recovery fund * * *.

"* * *

"The court shall order the superintendent to make such payments out of the fund when the person seeking the order has shown all of the following:

"(1) He has obtained a judgment, as provided in this division;

"(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

"(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

"(4) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the fund;

"(5) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment."

Clark alleged fraud and misrepresentation. Those claims, if proven, would constitute violations of R.C. 4735.18(A)(1) and (2). While the judgment entry simply stated "Judgment for P in sum of $13,200," the court could have based that judgment only on the allegations of fraud and misrepresentation alleged in the complaint. Therefore we conclude, as a matter of law, that the judgment against Clark arose out of conduct in violation of R.C. Chapter 4735.

The superintendent next argues that an issue of fact exists concerning whether Clark was acting as a broker or in her individual capacity at the time plaintiff's house was sold.

Plaintiff's evidentiary materials conclusively demonstrate that Clark was acting as a broker and was thus engaged in the practice of real estate for purposes of R.C. 4735.01(K)[2] at the time the house was sold. The evidence shows that the real estate company purchased the house, with Clark collecting a commission of $2,850 on the sale. Even though Clark may have had a proprietary interest in the real estate

company, her collection of a commission conclusively establishes that she was not purchasing the house on her own account, but for the corporate entity itself. In fact, the settlement statement to the United States Department of Housing and Urban Development lists "Ebert Real Estate, Inc." as the name of the borrower. This uncontroverted evidence demonstrates that there is no material issue of fact concerning Clark's status as a real estate broker at the time of sale. It follows that the trial court properly rendered summary judgment. The assigned errors are overruled.

*Judgment affirmed.*

PATTON, P.J., KRUPANSKY and J. V. CORRIGAN, JJ., concur.

---

[2] R.C. 4735.01(K) provides in part:

"(K) The terms 'real estate broker,' 'real estate salesman,' 'foreign real estate dealer,' and 'foreign real estate salesman' do not include a person, partnership, association, or corporation, or the regular employees thereof or limited real estate broker or limited real estate salesman, who performs any of the acts or transactions specified or comprehended in division (A) of this section, whether or not for, or with the intention, in expectation, or upon the promise of receiving or collecting a fee, commission, or other valuable consideration:

"(1) With reference to real estate situated in this state or any interest in it owned by such person, partnership, association, or corporation, or acquired on his own account in the regular course of, or as an incident to the management of the property and the investment in it[.]"