SHAW, Appellant,

v.

J. POLLOCK & COMPANY et al., Appellees.

[Cite as *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656.]

Court of Appeals of Ohio,
Summit County.

No. 15542.

Decided Sept. 30, 1992.

*Alan I. Goodman,* for appellant.

*Nicholas T. George,* for appellees.

REECE, Judge.

Plaintiff-appellant, Robert Shaw, claims that he was wrongfully discharged by the defendants-appellees, J. Pollock & Company et al., from his position at Steel Products of Massillon ("Steel Products"). He appeals from the decision of the trial court granting summary judgment in favor of the appellees. We affirm.

Shaw was employed by Steel Products from January 31, 1990, until he was terminated on April 6, 1990. Shaw had business dealings with the forerunner of Steel Products, Massillon Spring & Rivet Co. When Jerry Pollock purchased Steel Products, he needed someone to manage the company. On January 29, 1990, Pollock spoke with Shaw regarding the possibility of Shaw's filling this management position and, on January 31, Pollock hired Shaw. While there was no written employment agreement, Shaw was orally promised a salary of $40,000, a bonus tied to company profits and certain other fringe benefits.

Shaw alleges that he was assured a certain amount of time, at least a year, to make Steel Products profitable. Pollock denies that these promises were made. On April 6, 1990, Shaw was terminated and paid the portion of his salary commensurate with the period he was employed.

Shaw brought causes of action for wrongful discharge, fraudulent hiring, and unjust enrichment. After a deposition of Shaw, the court granted a summary judgment motion for defendants. Shaw appeals, alleging four errors concerning the propriety of granting summary judgment.

The standard of review for an appeal of a decision granting summary judgment is well established. Pursuant to Civ.R. 56(C), summary judgment is proper if the trial court determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274; see, also, *Delker v. Ohio Edison Co.* (1989), 47 Ohio App.3d 1, 2, 546 N.E.2d 975, 976.

Once summary judgment is requested, the responding party must set forth specific facts demonstrating triable issues on all essential matters for which he bears the initial burden of proof. Mere reliance upon the pleadings is insufficient. Civ.R. 56(E); see, also, *Celotex Corp. v. Catrett* (1986), 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 274. The issue to be tried must also be genuine, allowing reasonable minds to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 248–252, 106 S.Ct. 2505, 2510–2512, 91 L.Ed.2d 202, 211–214. Further, a plaintiff may not rest upon mere allegations, but must set forth specific facts which show there is an issue for trial. Civ.R. 56(E); *Jackson v. Alert Fire & Safety Equip., Inc.* (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.

### Assignment of Error II

"The court erred in granting summary judgment where there is a disputed question of fact as to whether the appellant was made certain representations which he had the right to rely upon and when he did to his detriment."

The Ohio Supreme Court has held that in the area of employment contracts, there exists "a strong presumption in favor of a contract terminable at will unless the terms of the contract or other circumstances clearly manifest the parties' intent to bind each other." *Henkel v. Educational Research Council* (1976), 45 Ohio St.2d 249, 255, 74 O.O.2d 415, 418, 344 N.E.2d 118, 122. See, also, *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100, 102–103, 19 OBR 261, 262–263, 483 N.E.2d 150, 152–154 and fn. 1.

However, in paragraph three of the syllabus, *Mers* recognized promissory estoppel as an exception to employment-at-will contracts:

"The doctrine of promissory estoppel is applicable and binding to oral at-will employment agreements. The test in such cases is whether the employer should have reasonably expected its representation to be relied upon by its employee and, if so, whether the expected action or forbearance actually resulted and was detrimental to the employee."

Further, the promises alleged must be "clear and unambiguous" in their terms. *Cohen & Co. v. Messina* (1985), 24 Ohio App.3d 22, 26, 24 OBR 44, 48, 492 N.E.2d 867, 872.

This court has held that "clear and unambiguous promises" must be specific promises of job security. *Tarantine v. Loral Corp.* (Oct. 24, 1990), Summit App. No. 14600, unreported, at 9, 1990 WL 163877; see *Modarelli v. First Fed. S. & L. Assn. of Wooster* (June 6, 1990), Wayne App. No. 2529, unreported, at 8–9, 1990 WL 77124. In this case, the only promises made relating to Shaw's job were that the salary was approximately $40,000 per year, and that he would get a year-end bonus based on the company's profits.[1] The Ohio Supreme Court has stated that an employment contract which provides for an annual rate of pay, but makes no provision for the duration of employment, is terminable at the will of either party unless the facts and circumstances indicate otherwise. *Henkel,* 45 Ohio St.2d 249, 74 O.O.2d 415, 344 N.E.2d 118 at syllabus.

The potential of future profitsharing is not a fact or circumstance which transforms a contract terminable at will into a contract for a term of years. A promise of future benefits or opportunities without a specific promise of continued employment does not support a promissory estoppel exception to the employment-at-will doctrine. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph two of the syllabus. As Shaw has shown no evidence of a specific representation upon which he relied, his second assignment of error is not well taken.

### Assignment of Error I

"The lower court erred in granting summary judgment where there is a disputed question of fact as to whether the appellee made specific promises with respect to the terms and conditions of employment which were subsequently breached."

The court in *Mers* recognized that the cumulative effect of various events may transform an employment-at-will agreement into an implied contract for a definite term. *Mers,* 19 Ohio St.3d 100, 19 OBR 261, 483 N.E.2d 150, at paragraph two of the syllabus, states:

---

1. In an affidavit, executed prior to Shaw's deposition, he alleged that he was to be given at least one year to make the company profitable. However, at his deposition, he did not make this claim. Rather, Shaw claimed he presumed that he was under contract for a year based on his pay scale and his potential bonus. Shaw's presumptions are not "specific facts" which may be reviewed on summary judgment.

"The facts and circumstances surrounding an oral employment-at-will agreement, including the character of the employment, custom, the course of dealing between the parties, company policy, or any other fact which may illuminate the question, can be considered by the trier of fact in order to determine the agreement's explicit and implicit terms concerning discharge."

The court has warned, however, that a strong presumption exists against such arrangements. *Henkel*, 45 Ohio St.2d at 255–257, 74 O.O.2d at 418–420, 344 N.E.2d at 121–123; *Mers*, 19 Ohio St.3d at 102, 19 OBR at 263, 483 N.E.2d at 153, fn. 1.

■ The legal effect of an implied contract and an express contract is identical, the only distinction being the manner in which mutual assent is manifested. 1 Williston on Contracts (4 Ed.1990) 18–25, Sections 1–5. See, also, *Columbus, Hocking Valley & Toledo Ry. Co. v. Gaffney* (1901), 65 Ohio St. 104, 61 N.E. 152, paragraph one of the syllabus. However, in an implied contract all of the essential elements of a contract must be proved.

■ As we have previously stated, seldom will an employee, failing to establish promissory estoppel to alter an employment-at-will agreement, be able to establish an implied employment contract based on the same set of facts. *Gargasz v. Nordson Corp.* (1991), 68 Ohio App.3d 149, 155, 587 N.E.2d 475, 478.

In this case, Shaw points only to the annual rate of compensation and the promise of a bonus as proof of an implied-in-fact contract. As we have stated in discussing Shaw's second assignment of error, these representations are not specific promises of a contract for one year. Based on these facts, reasonable minds could come to but one conclusion, that there was no mutual assent to a contract for a one-year term of employment. Appellant's first assignment of error is overruled.

### Assignment of Error III

"There were genuine issues of fact as to whether the appellees made false representations to induce the appellant to come to work for them in order that they might commence operation of their new venture."

■ In order to prove fraud, a plaintiff must show the following:

"[A] representation;

"material to the transaction at hand;

"made falsely;

"with the intent of misleading another into relying upon it;

"justifiable reliance upon the representation; and

"a resulting injury proximately caused by the reliance." *Wing*, 59 Ohio St.3d at 111, 570 N.E.2d at 1099; *Burr v. Stark Cty. Bd. of Commrs.* (1986), 23 Ohio St.3d 69, 23 OBR 200, 491 N.E.2d 1101, paragraph two of the syllabus.

In *Wing*, the Supreme Court discussed claims of fraudulent promises of future benefits. The court upheld a decision granting summary judgment when the plaintiff "came forward not with evidence of falsehood, but rather only with the possible inference of falsehood." *Wing*, 59 Ohio St.3d at 111, 570 N.E.2d at 1099.

In this case, Shaw has produced only an inference of falsehood. He makes the same argument that fell short in *Wing;* because he was fired before he had an opportunity to receive profitsharing, the offer of profitsharing must have been false. This argument does not withstand summary judgment because it offers no evidence that the promise was false when made by Pollock.

The only representations made by the appellees were the annual compensation rate and the profitsharing agreement. Shaw could not justifiably rely on either of these promises to believe that his employment was anything other than at will.

Shaw's third assignment of error is without merit.

### Assignment of Error IV

"There were genuine issues of fact as to whether the appellees were unjustly enriched by the appellants [*sic*] efforts."

In contrast to express contracts or contracts implied in fact, obligations recognized pursuant to a theory of unjust enrichment arise by operation of law and do not depend upon the intentions of the parties. *Hummel v. Hummel* (1938), 133 Ohio St. 520, 525–528, 11 O.O. 221, 223–225, 14 N.E.2d 923, 925–927; *Legros v. Tarr* (1989), 44 Ohio St.3d 1, 6–8, 540 N.E.2d 257, 262–265. Civil liability may be imposed to prevent an injustice when one party retains a benefit from another's labors. *Rice v. Wheeling Dollar Savings & Trust Co.* (1951), 155 Ohio St. 391, 44 O.O. 374, 99 N.E.2d 301, paragraph three of the syllabus; *Cincinnati v. Cincinnati Reds* (1984), 19 Ohio App.3d 227, 230–231, 19 OBR 378, 381–382, 483 N.E.2d 1181, 1184–1185. The general rule of damages is that the aggrieved party is entitled simply to restitution for the actual services provided. See 30 Ohio Jurisprudence 3d (1981) 45, Damages, Section 39; *Sykes Constr. Co. v. Martell* (Jan. 8, 1992), Summit App. Nos. 15034 and 15038, unreported, at 9–10, 1992 WL 2919.

Shaw claims that the appellees were unjustly enriched by his efforts to bring in business and to get the new venture operating. However, in

Shaw's deposition, he admits that these efforts were within the ambit of his responsibilities. Because there is no dispute that Shaw was fully compensated for the time he was employed, Shaw's claim that the appellees were unjustly enriched by the performance of his assigned tasks must fail.

Shaw's fourth assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

CACIOPPO, P.J., and COOK, J., concur.