OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Wilkerson et al., Appellants, v. Eaton Corporation et al., Appellees.
[Cite as Wilkerson v. Eaton Corp. (1994), Ohio St.3d .]
Employer and employee -- Claim of wrongful discharge in violation of public policy.
(No. 94-1083 -- Submitted August 31, 1994 -- Decided September 28, 1994.)
Appeal from the Court of Appeals for Cuyahoga County, No. 65182.

McCarthy, Lebit, Crystal & Haiman Co., L.P.A., David A. Schaefer and Jeffrey A. Huth, for appellee.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court to apply Painter v. Graley (1994), Ohio St.3d , N.E.2d , decided today.
A.W. Sweeney, Douglas, Resnick and Pfeifer, JJ., concur.
Moyer, C.J., and Wright, J., dissent.
F.E. Sweeney, J., not participating.
Wright, J., dissenting. I believe the majority has acted hastily in this matter which involves nothing more than the propriety of a variety of procedural rulings by the trial court. In my view, Painter v. Graley (1994), Ohio St.3d , N.E.2d , is not involved here.
A motion for summary judgment forces the nonmoving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. The evidentiary materials must be timely filed. Civ. R. 56(C). The nonmovant must also present specific facts and may not rely merely upon the pleadings or upon unsupported allegations. See Shaw v. J. Pollock & Co. (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295.
In this case, although appellants conducted extensive discovery during the three-year period preceding the motion for summary judgment, appellants never filed any of the fruits of discovery with the trial court prior to the grant of summary judgment. At the time the trial court ruled upon appellees' motion for summary judgment, appellants had not filed the three

relevant depositions, the pertinent trial  transcript, the
answers to interrogatories or the written admissions with the
trial court.  Thus, the trial judge possessed no evidence from
appellants upon which they could base a claim of wrongful
discharge.  In essence, appellants did not support their
allegations that Eaton's discriminatory discharge of Wilkerson
violated public policy or breached an employment contract
created expressly, impliedly or by virtue of estoppel.
Appellants never met the burden of production they were required
to bear in accordance with Wing, supra.  Thus, I must
respectfully dissent.

Moyer, C.J., concurs in the foregoing dissenting opinion.