WEILAND et al., Appellants,

v.

BENTON, Supt., Appellee.

[Cite as *Weiland v. Benton* (1996), 108 Ohio App.3d 512.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 68976.

Decided Jan. 2, 1996.

*Dieter Domanovic,* for appellants.

*Betty D. Montgomery,* Attorney General, and *Nancy H. Rogoff,* Assistant Attorney General, for appellee.

---

MATIA, Judge.

Stephen and Patricia Weiland, plaintiffs-appellants, appeal from the judgment of the Cuyahoga County Common Pleas Court, case No. CV–261801, in which the trial court granted the motion for summary judgment of Julia McNeil–Benton, Superintendent of Real Estate, defendant-appellee. Appellants assign two errors for this court's review.

Appellants' appeal is well taken.

This is an action seeking payment from the real estate recovery fund pursuant to R.C. 4735.12. On November 27, 1990, appellants filed a complaint in the Cuyahoga County Common Pleas Court, case No. CV–201314, alleging several causes of action, including fraud and conversion, arising out of the sale of a self-storage business. On November 27, 1992, the trial court entered judgment in favor of appellants against several defendants, including Ernest Ross, a licensed Ohio real estate broker. The judgment provided for joint and several liability in the amount of $157,509.22. The trial court's judgment stated:

"Upon evidence and due consideration the court finds that Ernest Ross and Ross and Associates Realty Co. were licensed real estate agents and/or brokers who managed the assets and operation of the Angie's Self Storage Partnership. The court finds that Ernest Ross and Ross and Associates Realty Co. failed to account for funds collected in the management and operation of Angie's Self Storage Partnership property; failed to provide separate bank accounts for the funds of Angie's Self Storage Partnership; and acted in a dual capacity of broker or agent and undisclosed principal in violation of O.R.C. 4735.18. The court

further finds that the actions of Ernest Ross were in violation of his fiduciary duties to the partners and his failure to account for funds was in violation of O.R.C. 1775.18 et seq."

On November 26, 1993, appellants filed an application in the Cuyahoga County Common Pleas Court, Case No. CV–261801, for an order, pursuant to R.C. 4735.12, directing payment out of the real estate recovery fund of appellants' judgment obtained in Cuyahoga County Common Pleas Court, Case No. CV–201314. Appellants maintained that such payments were necessary, as all attempts to collect upon the underlying judgment had been unsuccessful. On August 25, 1994, appellants filed a motion for summary judgment.

During this time period, Ernest Ross, the licensed Ohio real estate broker against whom the underlying judgment had been entered, filed a Civ.R. 60(B) motion to vacate judgment in case No. CV–201314. Ross's Civ.R. 60(B) motion to vacate judgment was denied by the trial court on July 20, 1994. On August 1, 1994, Ross filed a petition in the United States Bankruptcy Court, Northern District of Ohio, case No. 94–13211–0.

On February 23, 1995, Julia McNeil–Benton, Superintendent of Real Estate, defendant-appellee ("appellee") filed a motion for summary judgment in case No. CV–261801. Appellee argued that appellants were not entitled to payment out of the real estate recovery fund, since the underlying judgment upon which appellants' application was based failed to meet the statutory requirements set forth in R.C. 4735.12. Appellee maintained that no evidence was produced at trial to substantiate any of the trial court's determinations nor was there evidence presented to demonstrate that appellants suffered any actual and direct losses as a result of Ross's alleged conduct.

On April 12, 1995, the trial court granted appellee's motion for summary judgment without opinion. The trial court had previously denied appellants' motion for summary judgment on November 21, 1994.

On May 10, 1995, appellants filed a timely notice of appeal from the judgment of the trial court.

Appellants' first assignment of error states:

"The trial court erred in denying appellants' motion for summary judgment."

Appellants' second assignment of error states:

"The trial court erred in granting appellee's motion for summary judgment."

Having a common basis in both law and fact, these assignments of error shall be considered concurrently.

■ Appellants argue, through their first and second assignments of error, that the trial court erred in denying their motion for summary judgment and granting appellee's motion for summary judgment. Appellants maintain that, contrary to appellee's assertions, appellee cannot collaterally attack, on a factual basis, a valid underlying judgment as a defense to an application for payment from the real estate recovery fund. In addition, it is appellants' position that the underlying judgment against Ernest Ross clearly satisfied the requirements for payment out of the real estate recovery fund as set forth in R.C. 4735.12.

Appellants' first and second assignments of error are well taken.

The right to an order directing payment out of the real estate recovery fund is governed by R.C. 4735.12, which requires:

"(B) When any person, except a bonding company when it is not a principal in a real estate transaction and except a person in an action for the payment of a commission or fee for the performance of an act or transaction specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code, obtains a final judgment in any court of competent jurisdiction against any broker or salesman licensed under this chapter, on the grounds of conduct that is in violation of this chapter or the rules adopted under it, that occurred after March 4, 1975, and that is associated with an act or transaction of a broker or salesman specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code, such person may file a verified application, as described in this division, in any court of common pleas for an order directing payment out of the real estate recovery fund of the portion of the judgment that remains unpaid and that represents the actual and direct loss sustained by the applicant. Punitive damages and interest on a judgment are not recoverable from the fund. In the discretion of the superintendent of real estate, attorney fees and court costs may be recovered from the fund, and, if the superintendent authorizes the recovery of attorney fees or court costs, the order of the court of common pleas then may direct their payment from the fund.

"The application shall specify the nature of the act or transaction upon which the underlying judgment was based, the activities of the applicant in pursuit of remedies available under law for the collection of judgments, and the actual and direct losses, attorney fees, and the court costs sustained or incurred by the applicant. The applicant shall attach to the application a copy of each pleading and order in the underlying court action.

"The court shall order the superintendent to make such payments out of the fund when the person seeking the order has shown all of the following:

"(1) He has obtained a judgment, as provided in this division;

"(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

"(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

"(4) He has diligently pursued his remedies against all the judgment debtors and all other persons liable to him in the transaction for which he seeks recovery from the fund;

"(5) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment.

"(C) A person who applies to a court of common pleas for an order directing payment out of the fund shall file notice of the application with the superintendent. The superintendent may defend any such action on behalf of the fund and shall have recourse to all appropriate means of defense and review, including examination of witnesses. The superintendent may move the court at any time to dismiss the application when it appears there are not triable issues and the application is without merit. The motion may be supported by affidavit of any person having knowledge of the facts and may be made on the basis that the application, including the judgment referred to in it, does not form the basis for a meritorious recovery claim; provided, that the superintendent shall give written notice to the applicant at least ten days before such motion. The superintendent may, subject to court approval, compromise a claim based upon the application of an aggrieved party. He shall not be bound by any prior compromise or stipulation of the judgment debtor."

In *Dent v. Van Winkle* (1987), 30 Ohio St.3d 80, 30 OBR 228, 507 N.E.2d 345, the Supreme Court of Ohio, in dealing with the real estate recovery fund, stated in paragraph one of the syllabus:

"In order to satisfy the requirements for payment from the Real Estate Recovery Fund, R.C. 4735.12, the party allegedly harmed must obtain a judgment against a broker or salesman, licensed under R.C. Chapter 4735, on the grounds of conduct that is in violation of that chapter."

Accordingly, in order to participate in the fund, an applicant must demonstrate that he has obtained a final judgment against a licensed broker or salesman arising out of conduct that is "associated with an act or transaction of a broker or salesman specified or comprehended in division (A) or (C) of section 4735.01 of the Revised Code." R.C. 4735.12(B). *Yeager v. Inland Mut. Ins. Co.* (June 17, 1982), Cuyahoga App. No. 43968, unreported, 1982 WL 2431.

Conduct of a real estate broker or salesperson which would warrant suspension or revocation of his license under R.C. 4735.18 is considered conduct "in violation

of'' R.C. Chapter 4735, within the meaning of R.C. 4735.12(B). *Krejci v. Clark* (1989), 58 Ohio App.3d 76, 568 N.E.2d 737.

Civ.R. 56(C) provides that before summary judgment may be granted, the court must determine that (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Osborne v. Lyles* (1992), 63 Ohio St.3d 326, 587 N.E.2d 825.

A motion for summary judgment forces the nonmoving party to produce evidence on issues for which that party bears the burden of production at trial. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. The nonmovant must also present specific facts and may not rely merely upon the pleadings or upon unsupported allegations. *Shaw v. J. Pollock & Co.* (1992), 82 Ohio App.3d 656, 612 N.E.2d 1295. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(E), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(C) to show that there is a genuine issue for trial. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

This court's analysis of an appeal from a summary judgment is conducted under a *de novo* standard of review. See *Maust v. Bank One Columbus, N.A.* (1992), 83 Ohio App.3d 103, 107, 614 N.E.2d 765, 767; *Howard v. Wills* (1991), 77 Ohio App.3d 133, 601 N.E.2d 515. No deference is given to the decision under review, and this court applies the same test as the trial court. *Bank One of Portsmouth v. Weber* (Aug. 7, 1991), Scioto App. No. 1920, unreported, 1991 WL 156416.

In the case *sub judice,* a review of appellants' motion for summary judgment demonstrates that appellants satisfied the requirements for payment out of the real estate recovery fund as set forth in R.C. 4735.12. Clearly, appellants obtained a valid, final judgment against Ernest Ross, a licensed real estate broker. A review of that judgment shows that it was rendered against Ross for conduct that was found to be in violation of R.C. 4735.18. Specifically, failure to account for funds collected in the management and operation of the self-storage business, failure to provide separate bank accounts for the self-storage business and acting in the dual capacity of broker/agent and undisclosed principal. In addition, the record shows that no appeal was taken from the underlying judgment by Ross or any of the other defendants against whom final judgment was rendered.

There is no allegation that either one of appellants was the spouse of the judgment debtor Ross or the personal representative of such spouse, nor was there any evidence presented to demonstrate that appellants failed to diligently pursue their legal remedies against Ross. Lastly, appellants clearly made their application for payment out of the real estate recovery fund within one year after obtaining final judgment against Ross.

In its motion for summary judgment, appellee maintains that the underlying judgment was somehow incorrect and not based on the submitted evidence. However, since that case was previously litigated and a final judgment rendered, the doctrine of collateral estoppel precludes appellee from relitigating the validity of the underlying judgment. *Goodson v. McDonough Power Equip., Inc.* (1983), 2 Ohio St.3d 193, 2 OBR 732, 443 N.E.2d 978; *Crile v. Hall* (Oct. 24, 1991), Cuyahoga App. No. 59187, unreported, 1991 WL 221467.

Accordingly, the trial court erred in granting summary judgment in favor of appellee where the underlying judgment upon which appellants' application for funds was based specifically indicated that the judgment was based upon the conduct of Ross, a licensed real estate agent, which was found to be in violation of R.C. 4735.18. For the foregoing reasons, the trial court's entry of summary judgment in favor of appellee is hereby vacated, judgment is entered in favor of appellants and the cause is remanded to the trial court for further determination regarding the amount of payment appellants are entitled to receive from the real estate recovery fund.

Appellants' first and second assignments of error are well taken.

The judgment of the trial court is vacated, judgment is entered in favor of appellants and the cause is remanded for further determination consistent with this opinion.

*Judgment accordingly.*

PATTON, C.J., and JAMES D. SWEENEY, J., concur.