ACCELERATED JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App. R. 11.1 and Loc. App. R. 25, the record from the Cuyahoga County Court of Common Pleas, oral argument and the briefs of counsel. Carla and Carl Bates, plaintiffs-appellants, appeal from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-357796, in which the trial court granted the motion for summary judgment of Tenable Security, Inc. and Tenable Protective Services, defendants-appellees. Plaintiffs-appellants assign a single error for this court's review.
Plaintiffs-appellants' appeal is not well taken.
Carla Bates, plaintiff-appellant, was employed by Tenable Security, Inc., defendant-appellee, as a security guard. On June 20-21, 1997, Tenable Security was providing security for the Great American Rib Cook-Off in Cleveland, Ohio. Carla Bates was working as a security guard for Tenable Security on the night in question from 11:00 p.m. to 7:00 a.m.
For the first thirty minutes of her shift, Carla Bates was stationed at the front gate to the event. Subsequently, Carla Bates was relieved from her post at the front gate and began patrolling the food preparation area in which cleaning personnel were working. Approximately thirty minutes later, Carla Bates was instructed to patrol the general area in a golf cart.
Initially, Carla Bates patrolled the grounds in the golf cart by herself for approximately two hours. At some point during the night, another Tenable Security employee, known only as Samantha, joined Carla Bates in the golf cart. At Samantha's request, Carla Bates allowed her to operate the golf cart. Shortly thereafter, the female employee began operating the golf cart in an erratic and unsafe manner. Samantha allegedly accelerated as she approached speed bumps and raced other golf carts operated by fellow security guards. This behavior persisted despite repeated warnings from Carla Bates as well as Mrs. Bates' immediate supervisor, Mickey Merit, to operate the golf cart in a more prudent manner. In spite of Samantha's continued erratic driving, Carla Bates did not regain operational control of the golf cart or exit the golf cart during one of its many stops over the course of the night.
At approximately 5:00 a.m., Samantha was still operating the golf cart in an unsafe manner by engaging other golf carts on the grounds in a game of chicken whereby she would drive the golf cart full speed at another golf cart and swerve out of harms way at the last possible moment. It was during one of these episodes that Carla Bates was thrown from the moving golf cart onto the ground suffering a severely shattered left leg.
On June 22, 1998, plaintiffs-appellants filed their complaint against defendants-appellees alleging that Carla Bates' personal injuries were the result of an intentional tort committed while in the course and scope of her employment. Carl Bates filed an attendant claim for loss of consortium due to the alleged actions of defendants-appellees. On January 4, 1999, defendants-appellees filed a motion for summary judgment in which it was argued that Tenable Security had no knowledge of a dangerous condition, did not subject Carla Bates to a dangerous condition and did not know that an injury to Carla Bates was substantially certain to occur. Tenable Security maintained that Carla Bates was not required to ride as a passenger in the golf cart and that she voluntarily allowed a co-employee to operate the golf cart even after it became apparent that the co-employee was reckless in her operation of the vehicle. Plaintiffs-appellants filed a brief in opposition on March 2, 1999. On April 16, 1999, the trial court granted defendants-appellees' motion for summary judgment without opinion.
On May 17, 1999, plaintiffs-appellants filed a timely notice of appeal from the judgment of the trial court.
Plaintiffs-appellants' sole assignment of error states:
 I. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT ON BEHALF OF THE DEFENDANTS.
Plaintiffs-appellants argue, through their sole assignment of error, that the trial court improperly granted summary judgment on the intentional tort cause of action. Specifically, plaintiffs-appellants maintain that the record clearly demonstrates that defendants-appellees knew of the danger to Carla Bates and took the affirmative step of warning the co-worker involved to stop the reckless operation of the golf cart. Plaintiffs-appellants argue further that, in spite of this knowledge, defendants-appellees failed to take any measures to relieve Carla Bates from the allegedly dangerous situation by reassigning either Carla Bates or Samantha to alternative duty.
The standard for granting a motion for summary judgment is set forth in Civ.R. 56 (C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispaw v. Eckstein (1996), 76 Ohio St.3d 383;Welco Industries, Inc. v. Applied Cas. (1993), 67 Ohio St.3d 344;Osborne v. Lyles (1992), 63 Ohio St.3d 326.
A motion for summary judgment forces the non-moving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, syllabus. The non-movant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. Shaw v. Pollack Co. (1992),82 Ohio App.3d 656. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56 (E), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56 (C) to show that there is a genuine issue for trial. Harless v. Willis Day WarehousingCo. (1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:
 Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g., Civ.R. 56 (A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56 (C).
Id. at 298.
The court's analysis of an appeal from a summary judgment is conducted under a de novo standard of review. See Maust v. BankOne Columbus, N.A. (1992), 83 Ohio App.3d 103, 107; Howard v.Willis (1991), 77 Ohio App.3d 133. No deference is given to the decision under review, and this court applies the same test as the trial court. Bank One of Portsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920, unreported.
In order to establish intent for the purpose of proving the existence of an intentional tort committed by an employer against one of its employees, the employee must demonstrate the following: (1) knowledge by the employer of the existence of a dangerous condition, process, procedure or instrumentality within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous condition, process, procedure or instrumentality, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. Fyffe v. Jeno's Inc., (1991), 59 Ohio St.3d 115,570 N.E.2d 1108, paragraph one of the syllabus; Suech v. World Stamping andManufacturing Co. (June 12, 1997), Cuyahoga App. No. 71182, unreported.
The determinative issue in an intentional tort case concerns the employer's intent to cause injury to its employee. The employee need not prove that the employer had an actual subjective intent to cause the injury or that the employer knew that the exact injury sustained would occur. Fyffe, supra, at 177. However, the mere knowledge and appreciation of a risk does not constitute intent. The employee must show that the injuries in question are certain or substantially certain to result from the process, procedure or condition and the employer proceeds in spite of the known risk. Id. at paragraph two of the syllabus. The plaintiff bears the evidentiary burden of establishing these elements by proof beyond that required to show negligence or recklessness. Sanek v. Duracote Corp. (1989), 43 Ohio St.3d 169,172, 539 N.E.2d 1114; Brady v. Safety-Kleen Corp. (1991), 61 Ohio St.3d 624,631, 576 N.E.2d 722. The question of "substantial certainty" is dependant upon the individual facts of each particular case. Richie v. Rogers Cartage Co. (1993), 89 Ohio App.3d 638,644, 626 N.E.2d 1012, 1016.
In Fyffe, supra, at paragraph two of the syllabus the Ohio Supreme Court, in examining the concept of substantial certainty, stated:
 To establish an intentional tort of an employer, proof beyond that required to prove negligence and beyond that required to prove recklessness must be established. Where the employer acts despite his knowledge of some risk, his conduct may be negligence. As the probability increases that particular consequences may follow, then the employer's conduct may be characterized as recklessness. As the probability that the consequences will follow further increases, and the employer knows that injuries to employees are certain or substantially certain to result from the process, procedure, or condition and he still proceeds, he is treated by the law as if he had in fact desired to produce the results. However, the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent. (Van Fossen v. Babcock Wilcox Co. (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, paragraph six of the syllabus, modified as set forth above and explained.)
In the case herein, a review of the record from the trial court demonstrates that plaintiffs-appellants failed to establish the existence of a genuine issue of material fact relating to the second and third required elements of an intentional tort claim as set forth in Fyffe, supra, and the trial court properly granted the motion for summary judgment in favor of defendants-appellees. Plaintiffs-appellants essentially maintain that defendants-appellees knew Carla Bates was in a dangerous situation and took no steps to alleviate the danger by removing the co-worker from the golf cart or reassigning Carla Bates to another duty.
In order for plaintiffs-appellants' intentional tort cause of action to survive a motion for summary judgment, it must be demonstrated that a genuine issue of material fact exists as to all three prongs of the Fyffe test. Van Fossen, supra. The first prong of the Fyffe test requires plaintiffs-appellants to present facts that demonstrate that defendants-appellees had knowledge of a dangerous condition, process, procedure or instrumentality within its business operation. Arguably, the fact that Carla Bates' supervisor witnessed the reckless operation of the golf cart and warned Samantha to stop driving the vehicle in such a manner demonstrates knowledge on the part of defendants-appellees that a dangerous condition did, in fact, exist. Viewing the evidence presented in a light most favorable to plaintiffs-appellants, it is apparent that the first prong of theFyffe test has been satisfied.
The second prong of the Fyffe test requires plaintiffs-appellants to set forth facts showing that defendants-appellees had knowledge that if Carla Bates were subjected by her employment to the dangerous condition, then harm to Carla Bates would be a substantial certainty. Contrary to plaintiffs-appellants' position, a review of the record fails to reveal any evidence to indicate knowledge on the part of defendants-appellees that harm to Carla Bates would be a substantial certainty if she continued to ride in the golf cart on the night in question. Defendants-appellees did not force Carla Bates to permit her co-employee to operate the golf cart nor could defendants-appellees foresee that Carla Bates would fall from the cart later during the shift. This is particularly significant in light of the fact that Carla Bates continued to ride in the golf cart as a passenger for an extended period of time even after her co-employee had demonstrated the propensity to operate the cart in a reckless manner. As the Supreme Court reiterated in Fyffe, "the mere knowledge and appreciation of a risk — something short of substantial certainty — is not intent."Fyffe, 59 Ohio St.3d at 118, 570 N.E.2d at 1111.
The third and final element of the intentional tort test requires that the employer, with knowledge of the dangerous condition within its business operation and with knowledge that, if subjected to the dangerous condition, harm to the employee will be a substantial certainty, still requires the employee to perform the dangerous task. A review of Carla Bates' deposition testimony demonstrates that at no time did defendants-appellees require Carla Bates to perform a dangerous task. Carla Bates was not forced to ride in the golf cart as a passenger, was not forced to allow her co-worker to operate the cart and did not resume control of the cart at the time her co-worker began driving in a reckless manner. As Carla Bates testified:
Q. Did anybody from Tenable require that you ride with her?
A. No. You mean require as far as like made us?
 Q. Yes, require that the two of you be paired together and that she drive and you be a passenger.
A. Not particularly.
Q. Not particularly?
A. No.
(T. 114.) Accordingly, since plaintiffs-appellants failed to demonstrate the existence of any genuine issue of material fact relating to the second and third prongs of the Fyffe test for establishing the elements of an intentional tort; this court finds that the trial court properly granted defendants-appellees' motion for summary judgment.
Plaintiffs-appellants' sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellees recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules Appellate Procedure.
McMONAGLE, TIMOTHY E., P.J., and SWEENEY, JAMES D., J.,CONCUR.
 ___________________________________ MICHAEL J. CORRIGAN JUDGE