JOURNAL ENTRY AND OPINION
Tonya G. Bogden and Wendy S. Crossan, plaintiffs-appellants, appeal from the judgment of the Cuyahoga County Court of Common Pleas, General Division, Case No. CV-343415, in which the trial court entered summary judgment in favor of Allstate Insurance Company, defendant-appellee, on plaintiffs-appellants' declaratory judgment action seeking uninsured/underinsured motorists coverage for an out-of-state automobile accident. Plaintiffs-appellants assign a single error for this court's review.
Plaintiffs-appellants' appeal is not well taken.
On November 18, 1995, plaintiffs-appellants, who were both citizens and residents of Ohio, were injured in an automobile accident while traveling southbound on Lapeer Road in Oxford Township, Oakland County, Michigan. The accident occurred when Amy M. Oaks, a Michigan resident, negligently drove her vehicle into the rear end of plaintiffs-appellants' vehicle causing physical injuries to plaintiffs-appellants and property damage to their vehicle. Plaintiff-appellant Bogden's medical bills are approximately $4,838.46 and plaintiff-appellant Crossan's medical bills are approximately $2,501.92.
At the time of the accident, plaintiff-appellant Bogden was insured by defendant-appellee. The automobile insurance policy provided bodily injury coverage of $50,000 per person/$100,000 per accident and uninsured/underinsured motorists coverage of $50,000 per person/$100,000 per accident for which a separate insurance premium was paid.
On the date of the accident, Michigan was a "no fault" insurance state. See Mich.Comp. Laws Ann. 500.3135. Under Michigan law, tort liability arising from the use or ownership of a motor vehicle was largely abolished.[1] Therefore, since plaintiffs-appellants did not suffer "death, serious impairment of bodily function or permanent serious disfigurement" as a result of the November 18, 1995 accident, plaintiffs-appellants were admittedly precluded from recovering economic or non-economic damages from the tortfeasor, Amy Oaks, pursuant to Michigan law. Subsequently, defendant-appellee denied plaintiffs-appellants' claims for uninsured motorists benefits.
On November 10, 1997, plaintiffs-appellants filed a complaint for money damages, declaratory judgment and uninsured motorists coverage against defendant-appellee. Pursuant to the trial court's case management order, a stipulation of facts was filed on March 13, 1998. The parties then filed cross-motions for summary judgment on June 3, 1998, in which defendant-appellee maintained that it was not obligated to provide coverage in this instance since plaintiffs-appellants were not legally able to recover damages under Michigan law. Plaintiffs-appellants maintained that the law of Ohio should be applied to the accident in question.
On August 4, 1998, the trial court granted the motion for summary judgment of defendant-appellee through the following journal entry:
 Plaintiffs' motion for summary judgment against defendant Allstate Insurance Co. is denied. Motion of defendant Allstate Insurance Co. for summary judgment is granted. Kurent v. Farmers Ins. of Columbus, Inc.
(1991), 62 Ohio St.3d 242 applies to the case herein. Since plaintiffs are not "legally entitled to recover" from the Michigan tortfeasor that caused the accident, they are prohibited from receiving uninsured/underinsured motorists coverage for their injuries. Final.
On August 31, 1998, plaintiffs-appellants filed a timely notice of appeal from the judgment of the trial court.
Plaintiffs-appellants' sole assignment of error states:
 I. THE TRIAL COURT ERRED IN FAILING TO APPLY OHIO LAW TO A U.M./U.I.M. POLICY ISSUED IN OHIO EVEN THOUGH THE ACCIDENT OCCURRED IN MICHIGAN.
Plaintiffs-appellants argue, through their sole assignment of error, that the law of Ohio is applicable to the present case. Plaintiffs-appellants maintain that, since the subject policy was purchased, executed and issued in Ohio to residents of Ohio by an Ohio corporation, the substantive law of Ohio must be applied to the contract of insurance in question. Plaintiffs-appellants argue further that R.C. 3937.18(A)(1) is applicable to the underlying insurance claim as the statute was in effect at the time the insurance contract was executed. Plaintiffs-appellants contend that R.C. 3937.18(A)(1) effectively eliminated the former requirement that an uninsured/underinsured motorists insurance claim could not be made if the tortfeasor were immune from liability. It is plaintiffs-appellants' contention that the Michigan statute provides an immunity for Ms. Oaks, the tortfeasor, from which plaintiffs-appellants are now permitted to recover.
Defendant-appellee maintains that, pursuant to Kurent v.Farmers Ins. of Columbus, Inc. (1991), 62 Ohio St.3d 242,581 N.E.2d 533, plaintiffs-appellants are still not "legally entitled to recover" from the tortfeasor in the State of Michigan and, therefore, their claims for uninsured/underinsured motorists coverage must fail. Defendant-appellee argues further that Michigan law does not grant immunity to the tortfeasor herein, but has generally abolished tort liability in automobile accident cases. Without a recognized cause of action, it is defendant-appellee's position that plaintiffs-appellants' claims must fail.
Initially, this court notes that the standard for granting a motion for summary judgment is set forth in Civ.R. 56(C). In applying this rule, the Ohio Supreme Court has consistently held that, before such a motion can be granted, the moving party must show that: (1) there is no genuine issue of fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the non-moving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. Mootispawv. Eckstein (1996), 76 Ohio St.3d 383; Welco Industries, Inc. v.Applied Cas. (1993), 67 Ohio St.3d 344; Osborne v. Lyles (1992),63 Ohio St.3d 326.
A motion for summary judgment forces the non-moving party to produce evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, syllabus. The non-movant must also present specific facts and may not merely rely upon the pleadings or upon unsupported allegations. Shaw v. Pollack Co. (1992),82 Ohio App.3d 656. When a party moves for summary judgment supported by evidentiary material of the type and character set forth in Civ.R. 56(C), the opposing party has a duty to submit affidavits or other material permitted by Civ.R. 56(E) to show that there is a genuine issue for trial. Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court discussed the standard to be applied when reviewing motions for summary judgment. The court stated:
 Again, we note that there is no requirement in Civ.R. 56 that any party submit affidavits to support a motion for summary judgment. See, e.g., Civ.R. 56(A) and (B). There is a requirement, however, that a moving party, in support of a summary judgment motion, specifically point to something in the record that comports with the evidentiary materials set forth in Civ.R. 56(C).
Id. at 298.
The court's analysis of an appeal from a summary judgment is conducted under a de novo standard of review. See Maust v. BankOne Columbus, N.A. (1992), 83 Ohio App.3d 103, 107; Howard v.Willis (1991), 77 Ohio App.3d 133. No deference is given to the decision under review, and this court applies the same test as the trial court. Bank One of Portsmouth v. Weber (Aug. 7, 1991), Scioto App. No. 1920, unreported.
In Kurent, which the trial court relied upon in reaching its decision, the Ohio Supreme Court stated in its syllabus that:
 When an Ohio resident is injured in an automobile accident in a no-fault insurance state, by a resident of that state who is insured under that state's no-fault insurance laws, the Ohio resident's legal right to recover from the tortfeasor-motorist must be determined with reference to the no-fault state's laws. Where the no-fault state does not recognize a claim against the tortfeasor-motorist, the Ohio insured is not entitled to collect uninsured motorist benefits from his own insurer.
The Kurent court reasoned that an injured party may recover damages under the uninsured/underinsured motorists policy provision only if (1) the tortfeasor is uninsured and (2) the injured party is legally entitled to recover from the tortfeasor. Accord. State Farm Auto Ins. Co. v. Alexander (1992),62 Ohio St.3d 397, 400, 583 N.E.2d 309, 312. In a no-fault insurance state, the second prong of the test remains unsatisfied if, as inKurent, a no-fault law prevents recovery against the tortfeasor-motorist. Kearns v. Permanent General Assurance Corp.of Ohio (Oct. 23, 1998), Hocking App. No. 98-CA-6, unreported.
In Payne v. State Farm Insurance Co. (May 25, 1995), Cuyahoga App. No. 67811, unreported, this court applied the holding inKurent to a factual scenario extremely similar to the case at bar.
This court determined in pertinent part:
 Thus, Kurent stands for the proposition that the language of R.C. 3937.18(A)(1) only provides: "protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *." This Court has recently held that Kurent is still good law notwithstanding expansion of uninsured motorist coverage and this Court is obliged to follow it under the doctrine of stare decisis. Duffy v. State Automobile Mutual Insurance Co.
(March 16, 1995), Cuyahoga App. No. 67061, unreported at 7-8. Since the plaintiff herein is not "legally entitled to recover damages" from the Michigan tortfeasor, i.e., she did not exceed the threshold imposed by Michigan's no-fault laws and is not entitled to recover from State Farm for uninsured motorist coverage. We are compelled to honor and apply the law as contained in Kurent.
Id. at 3.
Applying the Supreme Court's holding in Kurent and this court's application of Kurent in Payne and Duffy to the facts of the present case, it is apparent that the trial court properly determined that plaintiffs-appellants were not entitled to uninsured/underinsured motorists coverage since they were not "legally entitled to recover" from the tortfeasor under Michigan law. See Nichols v. Mets Paramedic Serv. (Aug. 13, 1997), Tuscarawas App. No. 96 AP 110091, unreported. Contrary to plaintiffs-appellants' position, R.C. 3937.18(A)(1) is not applicable to the case herein since Michigan's no-fault insurance laws do not provide immunity for the tortfeasor, but rather, substantially abolished tort liability in automobile accident cases subject to certain exceptions where severe physical harm results. Therefore, since plaintiffs-appellants have no legal right of recovery under Michigan law, there is no corresponding right to uninsured/underinsured motorists coverage in this instance.
Plaintiffs-appellants' sole assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________ MICHAEL, J. CORRIGAN JUDGE
 PORTER, A.J., and SWEENEY, JAMES D., J., CONCUR.
[1] This law is subject to a limited number of exceptions that are inapplicable to the case at bar.