ACCELERATED DOCKET JOURNAL ENTRY and OPINION
This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. Appellant Richard Cook, O.D., assigns two errors to the common pleas court's decision to grant summary judgment to defendant-appellee, Wal-Mart, Inc.:
 I. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN FINDING THAT THERE WAS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND THAT DEFENDANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW.
 II. THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BEFORE THE TIME FOR PLAINTIFF-APPELLANT TO RESPOND HAD EXPIRED UNDER LOCAL RULE 11.
We find the trial court erred by granting summary judgment for Wal-Mart on Cook's claim for breach of contract, but find no error in its disposition of Cook's claims for tortious interference and for punitive damages. Therefore, we reverse in part, affirm in part, and remand for further proceedings.
 FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff Richard Cook, O.D., filed his complaint on April 7, 2000, alleging that he entered into a written contract with defendant Wal-Mart, Inc., under which Cook was to rent space from Wal-Mart and operate an optometry practice on its premises, providing optometrical services to Wal-Mart's patrons. He claimed that Wal-Mart breached the contract by terminating the agreement and evicting him. He also claimed that Wal-Mart tortiously interfered with the contract by terminating the agreement after attempting to regulate and control his prices, charges, records and work in contravention of the Ohio Revised Code and Ohio Administrative Code. He demanded compensatory damages of $255,000 on each count and punitive damages of $500,000. Wal-Mart's answer denied these claims and asserted various affirmative defenses.
On January 11, 2001, Wal-Mart moved for summary judgment. It claimed that the pleadings and Cook's own deposition testimony demonstrated that Cook's contract was properly terminated based upon patient complaints and Cook's "admitted inability or unwillingness * * * to adhere to the Wal-Mart philosophies as required by the contract." Wal-Mart filed a supplemental memorandum on February 14, 2001, arguing that Wal-Mart could not be held liable for tortiously interfering with its own contract, and that punitive damages were not recoverable for breach of contract, so that those claims should be dismissed.
The evidence referenced in Wal-Mart's motion for summary judgment included portions of the transcript of Cook's deposition[1]; a copy of the license agreement and renewal license agreement among the parties; a copy of the December 23, 1999 letter from Wal-Mart to Cook terminating the contract; and copies of Cook's notes of conversations he had with Wal-Mart's district manager, Martha Johnson. This evidence discloses the following facts.
Wal-Mart and Cook entered into a license agreement for a one year period from July 1, 1998 to June 30, 1999. In the license agreement, Wal-Mart and Cook agreed that Cook would maintain an optometry practice in a space leased from Wal-Mart at its store on Brookpark Road in Brooklyn, Ohio. Cook agreed to maintain certain hours of operation. He further agreed to use [his] best efforts to take no action nor to make any omission which tends to injure or damage [Wal-Mart's] reputation or business.
Cook's deposition testimony and notes indicate that on July 23, 1998, Wal-Mart's district manager, Martha Johnson, informed him that she had received complaints from three patients who were unhappy with their purchases.[2] Nevertheless, a year later, Wal-Mart and Cook renewed the license agreement for the period from July 1, 1999 to June 30, 2001.
On December 9, 1999, Cook met with Johnson again. Johnson told Cook that she had received seven or eight complaints from customers, and that his lease would be terminated. Wal-Mart then sent Cook the following letter, dated December 23, 1999:
Dear Dr. Cook:
 This letter is intended to provide you with formal written notice that pursuant to the letter dated November 23, 1999 and your license agreement for Store 2073, you have not complied with Section III, Paragraph 2, the last sentence [of] which states "Licensee further agrees to use its best efforts to take no action nor to make any omission which tends to injure or damage Licensor's reputation or business[."] You are hereby notified Wal-Mart is terminating the above referenced license agreement and you are requested to immediately surrender possession of the Licensed Premises to the Licensor's representative.
Sincerely,
Martha Johnson District Manager
Cook did not respond to Wal-Mart's summary judgment motion. On March 6, 2001, the court entered the following judgment:
 Motion for summary judgment of deft (filed 1-11-01 and supplemented 02-14-01, both unopposed) is granted as to all counts of the pltf's complaint. The court finds that no genuine issue of material fact exists and deft Wal-Mart, Inc. is entitled to summary judgment as a matter of law. FPT of 3-07-01 and trial of 3-21-01 are canceled. Final.
On March 7, 2001, Cook filed a brief in opposition to Wal-Mart's motion for summary judgment. Five days later, on March 12, Cook filed a motion for relief from judgment. He filed his notice of appeal on April 5, 2001.
This court remanded this matter for the limited purpose of permitting the trial court to rule on the motion for relief from judgment. The court denied that motion on October 29, 2001 in an order which read:
 Pltf's motion for relief from judgment (filed 3/12/01) is overruled. Pltf failed to request additional time to respond to deft's motion for summary judgment (filed 1/11/01). This court granted the unopposed motion for summary judgment on 3/6/01. Pltf's time to respond to the MSJ (filed 1/11/01) expired 2/12/01.
 LAW AND ANALYSIS
We will address Cook's second assignment of error out of order because it alleges a procedural error which potentially affects our disposition of the first assignment of error. Cook argues the court ruled upon Wal-Mart's motion for summary judgment prematurely, before he had an opportunity to respond. Loc.R. 11(I) provides that "[t]he adverse party may file a brief in opposition [to a summary judgment motion] with accompanying materials, within thirty (30) days after service of the motion." Cook claims that the court's ruling on March 5 did not allow him thirty days to respond to Wal-Mart's February 14 supplemental motion.
The trial court made its ruling more than thirty days after Wal-Mart's January 11 motion. The court could properly consider the February 14 filing to be a supplement and not a new motion[3] starting a new time period for response. Therefore, we find the trial court's ruling was not premature, and overrule the second assignment of error.
Cook's first assignment of error claims the court erred by entering summary judgment against him. We review this decision de novo. Hillyerv. State Farm Mut. Auto Ins. Co. (1999), 131 Ohio St.3d 172, 175; Weilandv. Benton (1996), 108 Ohio App.3d 512, 518. Summary judgment should be granted if the timely filed evidence shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In considering the motion, the court must construe the evidence in the light most favorable to the non-moving party, and determine whether reasonable minds can come to but one conclusion, that being adverse to the party against whom the motion is made. Civ.R. 56(C).
In their briefs before this court, both Cook and Wal-Mart refer to evidence attached to Cook's brief in opposition to Wal-Mart's motion for summary judgment. This brief was not filed until after the court entered judgment against Cook, so it could not have been considered by the trial court. Therefore, we will not consider it here.
Wal-Mart claims it had the right to terminate the contract because of the complaints it received about Cook's services. Wal-Mart's receipt of complaints from customers does not demonstrate that Cook failed to use his best efforts to avoid any act or omission which might injure or damage Wal-Mart's reputation, as required by the contract.
The "best efforts" required by the contract is a highly individual standard. Whether appellant complied with it is an issue of fact. The evidence presented with the summary judgment motion shows that Wal-Mart only told Cook about customer complaints twice, once approximately a month after the inception of the license agreement and again at the time it chose to terminate the agreement 1 1/2 years later. Viewing this evidence in the light most favorable to Cook, the absence of complaints after the first month of operation under the licensing agreement, together with Wal-Mart's renewal of the license agreement, could have lead Cook to believe that Wal-Mart and its customers were satisfied with his services, and that his performance had not injured or damaged Wal-Mart's reputation or business. A reasonable jury could also conclude that Cook did not fail to exercise his best efforts to avoid injuring Wal-Mart's reputation unless he failed to change his behavior after he was informed of complaints, and Wal-Mart did not give him that opportunity.
Therefore, we find the court erred by entering summary judgment for Wal-Mart on the breach of contract claim, and we will reverse and remand for further proceedings on that claim.
However, we find that the trial court properly entered judgment for Wal-Mart on Cook's tortious interference claim. A party to a contract cannot tortiously interfere with it. "Tortious interference with a contract necessarily requires causing a third person not to perform the contract." Universal Windows v. Eagle Window Door (1996),116 Ohio App.3d 692, 700. Therefore, Wal-Mart was entitled to judgment as a matter of law on Cook's tortious interference claim.
Given the judgment on the tortious interference claim, the court also properly entered judgment for Wal-Mart on the punitive damages claim.
 Because the sole purpose of contract damages is to compensate the nonbreaching party for losses suffered as a result of a breach, "[p]unitive damages are not recoverable for a breach of contract unless the conduct constituting the breach is also a tort for which punitive damages are recoverable." 3 Restatement of the Law 2d, Contracts (1981) 154, Section 355.
Lake Ridge Academy v. Carney (1993), 66 Ohio St.3d 376, 381.
Accordingly, we sustain the first assignment of error in part, reverse in part and remand for further proceedings on Cook's claim for breach of contract.
This cause is affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J. and COLLEEN CONWAY COONEY, J. CONCUR
[1] Although the docket indicates that the (presumably complete) transcript was separately filed in the case, that document was not included in the record.
[2] Cook's notes and the partial transcript of his deposition only discussed two patients.
[3] If we were to consider the February 14 brief as a new motion, we would view it as a motion to dismiss rather than a motion for summary judgment because Wal-Mart argues the complaint fails to state a claim for tortious interference and punitive damages, not that the evidence does not support such claims. Loc.R. 11 allows a party seven (7) days to respond to any motion except a motion for summary judgment. Cook did not respond within seven days after the supplemental motion was filed. Therefore, the court's ruling was not premature under this standard.