107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mir Masood ALI, Plaintiff-Appellant,
v.
CHELSEA CATERING, Defendant-Appellee.
 No. 96-3009.
 United States Court of Appeals, Sixth Circuit.
 Feb. 28, 1997.
 
 Before: SILER, COLE, and VAN GRAAFEILAND*, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, Mir Masood Ali, filed this action in district court against his former employer, Chelsea Catering (Chelsea), defendant, alleging wrongful discharge, breach of employment contract, handicap discrimination, ERISA violations, and intentional infliction of emotional distress. The district court granted summary judgment to Chelsea on all counts, and Ali now appeals. For the following reasons, we AFFIRM the decision of the district court.
 
 I. FACTS
 
 2
 Chelsea supplies meals and snacks to Continental Airlines flights. Ali was hired by Chelsea as an outside ramp coordinator in 1991. When Ali was hired, he was given an employee handbook that explained, among other things, Chelsea's policy for employee leaves of absence resulting from injury or sickness. Leaves of absence could not exceed a maximum of six months. The handbook stated that "[e]mployees are hired at the discretion of the Company, and just as they may voluntarily leave at any time, their employment may be terminated at any time."
 
 
 3
 Ali was injured in a work-related accident in 1992 and received a five-week leave of absence. He returned to his prior position in August 1992. However, in early 1993, his knee injury began to bother him and he was assigned to light duty work. On or about February 2, 1993, Ali received a one-month leave of absence in order to have surgery on his knee. This initial one-month leave stretched into a six-month leave of absence for health reasons. Finally, on July 30, 1993, Dr. Angley, a physician, issued a note stating, "[Ali] is under my care for his left knee. He is able to return to work on Monday, August 2nd, 1993, but to avoid prolonged standing and walking and to use one crutch."
 
 
 4
 Ali presented this note to Chelsea and was willing to return to work by August 2, 1993. Chelsea claims that on August 2, the manager of human resources, Catherine Mitchell, informed Ali that Chelsea had no work available at that time to fit within the restrictions provided for in Angley's note. On the other hand, Ali contends that Mitchell told him that no position was available and that he should return to work in two weeks. He did return for work every two weeks until October 1993, at which time he claims he was first notified that he had been discharged. Chelsea contends that the only reason Ali was discharged was because he could not safely and substantially perform his essential job duties, and no light duty work was available at the time to accommodate Ali.
 
 II. ISSUES
 Standard of Review
 
 5
 The district court's grant of summary judgment is reviewed de novo. Pierce v. Commonwealth Life Ins. Co., 40 F.3d 796, 800 (6th Cir.1994). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). The evidence must be construed most strongly in favor of the nonmoving party. Id.
 
 
 6
 A. Whether the district court erred in granting summary
 
 
 7
 judgment to Chelsea on the wrongful discharge claims?
 
 
 8
 Under Ohio law, all employment relationships are assumed to be at-will. Gargasz v. Nordson Corp., 587 N.E.2d 475, 476 (Ohio Ct.App.1991). There are a few exceptions to this employment at-will doctrine. They include violation of clear public policy, promissory estoppel, and breach of an implied or express contract. Id.
 
 1. Public Policy
 
 9
 Ali relies on Painter v. Graley, 639 N.E.2d 51, 55 (Ohio 1994), for the proposition that a discharged employee has a cause of action for wrongful discharge if his discharge is in contravention of a sufficiently clear public policy, such as that expressed in the form of a statutory enactment. Ali refers to section 4112.02 of the Ohio Revised Code, which makes it unlawful for an employer to discharge, without just cause, any person because of a handicap. To prove a prima facie case of handicap discrimination, Ali must not only show that he is handicapped within the meaning of the statute, but must also show that, although handicapped, he "can safely and substantially perform the essential function of the job in question." Hazlett v. Martin Chevrolet, Inc., 496 N.E.2d 478, 480 (Ohio 1986).
 
 
 10
 Assuming, arguendo, that Ali qualifies as a handicapped person, he cannot survive Chelsea's motion for summary judgment on this issue because he has not adduced any evidence that he can safely and substantially perform the essential function of the position of ramp coordinator. "[T]he public policy of Ohio proscribing discrimination against persons with physical handicaps does not extend so far as to require an employer to continue the employment of a disabled employee who is unable to perform his job duties as a result of a work-related injury." Barker v. Dayton Walther Corp., 564 N.E.2d 738, 742 (Ohio Ct.App.1989). Dr. Angley conditioned his approval of Ali's returning to work upon Ali's ability to avoid prolonged standing and walking and to use one crutch. Ali's own deposition testimony states that his job required a fair amount of walking, standing, and lifting. Moreover, Ali's receipt of temporary total disability benefits, which requires a finding that the recipient cannot physically return to his former position of employment, is at odds with his contention that he was able to safely and substantially perform the essential function of his job. See Ramirez v. Industrial Comm'n, 433 N.E.2d 586, 587 (Ohio 1982). Therefore, evidence in the record does not support Ali's claim that he was discharged in violation of a clear public policy against dismissing employees on the basis of a handicap.
 
 2. Promissory Estoppel
 
 11
 Next, Ali claims that he detrimentally relied on Chelsea's promises that he could return to his former position on August 2, 1993. He also claims that he relied on Chelsea's representations that if he made himself available for employment every two weeks from August 2 to October 1993 he would be given a job. Ali asserts that his detrimental reliance should estop Chelsea from denying him a position.
 
 
 12
 In Kelly v. Georgia-Pacific Corp., 545 N.E.2d 1244, 1250 (Ohio 1989), the Ohio Supreme Court counseled that promissory estoppel comes into play if "the employer should have reasonably expected its representations to be relied upon by its employee" and "the expected action or forbearance actually resulted and was detrimental to the employee." There is a dispute over whether Mitchell told Ali that he was being discharged on August 2, 1993 and could reapply for a position every two weeks, or whether she merely told him that he should report back for work in two weeks. However, in a letter dated August 3, 1993, Chelsea informed Ali that he had the right to continue health care benefits for up to eighteen months after a "qualifying event." Employee qualifying events are defined as "[t]ermination of employment" or "[r]educed work hours resulting in loss of coverage." This letter, which certainly should have put Ali on notice that his employment had been terminated, is consistent with Chelsea's contention that Mitchell told Ali he was being discharged on August 2. Based on this evidence, a jury could not find that Chelsea made a promise of continued employment such that it should reasonably have expected to induce some action or forbearance on the part of Ali.
 
 
 13
 Moreover, Ali has not alleged any detriment resulting to him from any action or forbearance. He does not allege that he gave up other opportunities for employment in reliance on a promise of continued employment at Chelsea. Nor does he assert that between the period of August 2 and October 1993, when he claims not to have known that he had been discharged, he forewent opportunities to apply for and take employment with another employer. Therefore, even if Ali was not aware until October that he had been discharged, he suffered no detriment. Because Ali cannot establish justified detrimental reliance, the district court did not err in granting summary judgment on the basis of promissory estoppel.
 
 3. Implied Contract
 
 14
 Ali claims that an implied contract of employment was created by the handbook. In fact, the handbook expressly states that Chelsea does not guarantee that an employee's position will be available upon return from a leave of absence, that employment may be terminated at any time, and that the handbook is not intended to be construed to constitute a contract between Chelsea and its employees. Absent fraud, at-will disclaimers in the job offer and in an employee handbook preclude a finding of an employment contract other than at-will. Wing v. Anchor Media Ltd. of Texas, 570 N.E.2d 1095, 1098 (Ohio 1991).
 
 
 15
 B. Whether the district court erred in granting summary
 
 
 16
 judgment to Chelsea on the handicap discrimination claim?
 
 
 17
 Because Ali could not establish that he was capable of safely and substantially performing the essential function of his position as ramp coordinator, the district court did not err in granting summary judgment to Chelsea on the handicap discrimination claim.
 
 
 18
 3. Whether the district court erred in granting summary
 
 
 19
 judgment to Chelsea on the count alleging an ERISA
 
 
 20
 violation?
 
 
 21
 Ali alleges that Chelsea violated ERISA by terminating his health coverage on or about July 30, 1993 before the termination of his six-month leave of absence. Issues that were raised in the district court, yet not raised on appeal, are considered abandoned and not reviewable on appeal. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). The ERISA claim was not specifically mentioned in the notice of appeal and was not addressed in Ali's brief before this court. Therefore, it has been abandoned and the district court's grant of summary judgment on this issue is not reviewable.
 
 
 22
 D. Whether the district court erred in granting summary
 
 
 23
 judgment to Chelsea on the count alleging
 
 
 24
 intentional infliction of emotional distress?
 
 
 25
 Again, this issue was not mentioned in the notice of appeal, nor in Ali's brief before this court. Therefore, the district court's grant of summary judgment is not reviewable. Boyd, 948 F.2d at 284.
 
 III. CONCLUSION
 
 26
 For the above-stated reasons, the district court's order granting summary judgment is hereby AFFIRMED.
 
 
 
 *
 The Honorable E.A. Van Graafeiland, Circuit Judge of the United States Court of Appeals for the Second Circuit, sitting by designation