JOURNAL ENTRY AND OPINION
{¶ 1} In this action for wrongful discharge, plaintiff-appellant, Patricia Pope ("Pope"), appeals from a decision of the trial court that granted defendant-appellee, The Patrician, Inc.'s ("the Patrician"), motion for summary judgment on Pope's claims for breach of an implied employment contract and promissory estoppel. After careful review, we conclude that there are no genuine issues as to any material fact and that the Patrician is entitled to judgment as a matter of law on Pope's claims. Accordingly, we affirm the trial court's decision.
 {¶ 2} Pope was hired as a housekeeper for the Patrician on January 5, 2004. Prior to her hire, she filled out a job application, which contained the following disclaimer: *Page 3 
 {¶ 3} "The applicant understands that neither this document nor any offer of employment from the employer constitutes an employment contract unless a specific document to that effect is executed by the employer and employee in writing."
 {¶ 4} At the time she was offered the job, Pope alleges that she was advised to leave her present place of employment so that she could start at the Patrician on January 12, 2004. Accordingly, Pope quit her job with Spin Cycle, a laundromat.
 {¶ 5} On January 8, 2004, Pope attended an orientation meeting and received a copy of the Employee Handbook outlining the policies of the Company. During this meeting, Pope alleges that Jennifer Kalemba, the Director of Human Resources, reviewed various disciplinary processes and procedures with her and stated that if an employee could not make it to work due to a personal reason they would need to notify the Company approximately one (1) to two (2) hours before their scheduled shift.
 {¶ 6} The first page of the handbook contained the following statement:
 {¶ 7} "Please remember that this handbook is merely a guide and does not constitute an employment contract. Any or all of the material set forth herein may be changed from time to time, without prior notice in the sole discretion of the Patrician." *Page 4 
 {¶ 8} The handbook also provides the Company with the exclusive right to make employment decisions, including the discharge of employees. Specifically, at page 28 of the handbook, the following is stated:
 {¶ 9} "Because of the infinite varieties of human behavior and circumstances, it is impossible to formulate a complete list of every possible rule violation and specify the appropriate disciplinary action thereof. As noted above, the type and severity of the disciplinary action, which will be utilized in any specific case will depend on the total circumstances, including the nature and gravity of the offense and the employee's performance history and disciplinary record * * *. THESE EXAMPLES ARE PROVIDED AS GENERAL GUIDELINES ONLY. THE LIST OF OFFENSES ARE NOT INTENDED TO BE ALL INCLUSIVE. In addition, with respect to any specific offense, the circumstances of the case may result in disciplinary action more or less severe than is indicated below.
 {¶ 10} "1. Examples of improper conduct which may result in disciplinary discharge, even for a first offense, include, but are not limited to the following: * * *."
 {¶ 11} Finally, the last page of the handbook requires the signature of the employee and states the following:
 {¶ 12} "I, the undersigned, do herewith acknowledge that I have received and read a copy of the Patrician Skilled Nursing Center's PERSONNEL POLICY *Page 5 
MANUAL, and I further acknowledge that I have had the opportunity to have explained and interpreted to me any part(s) of the Manual which I do not understand.
 {¶ 13} "I, the undersigned, understand that nothing in this or any other document from the Patrician Skilled Nursing Center nor any aspect of employment from the Patrician and/or its agents constitutes an employment contract unless a specific document to that effect is executed by the administrator and the employee in writing."
 {¶ 14} Pope admits to signing the Acknowledgment receipt, but states that she did not read the handbook.
 {¶ 15} On January 12, 2004, Pope failed to report for her first day of work because her car was involved in an accident while she was in New York. Pope telephoned the Patrician several hours before her shift and left a message for her supervisor explaining that she would not be present for the start of her shift. Later that morning, Jennifer Kalemba left a message for Pope that she was being terminated.
 {¶ 16} Immediately upon hearing that she had been terminated, Pope alleges that she telephoned Ms. Kalemba to inquire about her termination but that no one responded to her inquiries.
 {¶ 17} On January 5, 2006, Pope filed her complaint in the trial court alleging she had an implied employment contract with the Patrician that she would not be *Page 6 
terminated for calling off work if she gave several hours advance notice. Pope alleges that the Employee Handbook created a contract of employment that the Patrician breached by failing to follow its attendance and disciplinary policy.
 {¶ 18} On June 30, 2006, the Patrician filed a motion for summary judgment, which was granted by the trial court on September 1, 2006. It is from this decision that Pope now appeals and raises two assignments of error for our review, which shall be addressed together.
 {¶ 19} "I. The trial court erred in granting defendant's motion for summary judgment, since genuine issues of material fact existed demonstrating that the representations made by the defendant, The Patrician, Inc., through its agents and employees, to plaintiff, Patricia Pope, created an implied contract which was violated by defendant, The Patrician, Inc., when it terminated plaintiff, Patricia Pope.
 {¶ 20} "II. The trial court erred in granting defendant's motion for summary judgment since genuine issues of material fact existed demonstrating that Patricia Pope relied to her detriment on the promises made by the defendant, the Patrician, Inc., through its agents, which promises and reliance established a claim for promissory estoppel."
 {¶ 21} Pope claims that the trial court erred in granting summary judgment in favor of the Patrician because genuine issues of material fact existed with regard to whether the employee manual, along with oral representations made to her, rose to *Page 7 
the level of an implied contract of employment or promissory estoppel. The Patrician maintains that summary judgment in its favor was appropriate on the basis that there was no evidence to establish the elements of Pope's claim that an implied contract of continued employment existed between the parties. The issue here is whether the trial court properly granted the Patrician's motion for summary judgment.
 {¶ 22} We begin by noting that an appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997),122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 23} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). *Page 8 
 {¶ 24} Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 25} With these principles in mind, we consider whether the trial court's grant of summary judgment in the Patrician's favor was appropriate.
 {¶ 26} Ohio recognizes the doctrine of employment-at-will whereby an employment agreement of indefinite duration is presumed to be terminable at-will by either party for any reason not contrary to law. Wright v.Honda of America (1995), 73 Ohio St.3d 571, 574; Mers v. DispatchPrinting Co. (1985), 19 Ohio St.3d 100, 103. However, the terms of discharge may be altered when the conduct of the parties indicates a clear intent to impose different conditions regarding discharge.Condon v. Body, Vickers Daniels (1994), 99 Ohio App.3d 12, 18;Healey v. Republic Powdered Metals, Inc. (1992), 85 Ohio App.3d 281,284; Rudy v. Loral Defense Sys. (1993), 85 Ohio App.3d 148, 151. Specifically, Ohio courts have recognized that in certain contexts, evidence of customs, company policies, employee handbooks, and oral representations may be used to establish the *Page 9 
existence of an implied employment contract or an implied term of that contract. Mers, paragraph two of the syllabus.
 {¶ 27} Here, Pope did not have a written employment contract with the Patrician. Accordingly, there is a presumption that Pope and the Patrician entered into an employment agreement, which was terminable at the will of either of the parties. Id. Thus, the trial court's judgment should be affirmed unless we determine, after a review of the facts in a light most favorable to Pope, that reasonable minds could reach differing conclusions with regard to implied additional terms or circumstances which overcome this presumption. Gargasz v. NordsonCorp. (1991), 68 Ohio App.3d 149, 152.
 {¶ 28} Pope first contends that her termination from the Patrician was wrongful based upon policies found in the employee handbook that altered her employment-at-will status. Employee manuals and handbooks are usually insufficient, by themselves, to create a contractual obligation.Rudy v. Loral Defense Sys., supra at 152; Manofsky v. Goodyear Tire Rubber Co. (1990), 69 Ohio App.3d 663, 671; Gargasz, supra at 155. In order to find that the parties intended to impose contractual conditions on the terms of discharge, we must first look at the language used in the employee handbook to see how it deals with the discipline and/or termination of employees. Pope relies on the following passage on page 23 of the *Page 10 
handbook to support her claim that the Patrician was required to follow a specific procedure prior to terminating her:
 {¶ 29} "Employees calling off from work must call before the start of the shift or a "no-call/no-show" may be considered. All employees must call-off at least one hour prior to the beginning of the shift."
 {¶ 30} Despite the fact that the handbook, through this passage, does appear to provide a policy for call-offs, the passage does not contain any statement that the Patrician intends to be bound by a specific disciplinary procedure or that any employee has job security. Indeed, in an earlier paragraph on the same page, it expressly states that "any unscheduled absence and/or call-off without a medical excuse * * * is subject to progressive disciplinary procedures and possible termination." In addition, numerous other provisions throughout the handbook allow the Patrician discretion in making termination decisions. Specifically, the handbook contains numerous disclaimers that the Patrician's employment policies do not constitute a written contract and that the Patrician may discipline or discharge, even for a first offense, based upon the circumstances. Such disclaimers, absent fraud in the inducement, preclude the use of a written employee handbook to demonstrate an implied contract of employment. Wing v. Anchor Media,Ltd. of Texas (1991), 59 Ohio St.3d 108, 110; Handler v. Merrill LynchLife Agency, Inc. (1993), 92 Ohio App.3d 356. *Page 11 
 {¶ 31} After a careful reading of the employee handbook, we find no evidence that the rules and regulations contained in the employee handbook altered the at-will character of the employment relationship between the parties; there is no evidence of any specific promise of job security or that an implied contract for a definite term of employment existed. Consequently, this Court finds Pope's claim for breach of contract based upon the Patrician's employee handbook fails as a matter of law.
 {¶ 32} Pope also contends that her termination from the Patrician was wrongful based upon oral representations made to her by company employees, which altered the terms and conditions of her employment such that she believed she could not be terminated for calling off of work if she gave appropriate advance notice.
 {¶ 33} In support, Pope refers to a representation made by Jennifer Kalemba, Director of Human Resources, during her orientation that employees were required to notify a supervisor at least one hour before their scheduled shift if they were going to be absent. Assuming that Ms. Kalemba did make this statement, we cannot construe Ms. Kalemba's statement as altering the terms and conditions of Pope's employment. Her statement did not promise life-long job security and does not contain any clear and unambiguous representation or promise about the terms, length, or conditions of Pope's employment or discharge. *Page 12 
 {¶ 34} Oral representations will alter the at-will employment agreement only if the parties have a "meeting of the minds" that such representations are considered "valid contracts altering the terms of discharge." Rayel v. Wackenhut Corp., supra; Turner v. SPS Technologies,Inc. (June 4, 1987), Cuyahoga App. No. 51945. In order to satisfy this requirement, the parties must have a "distinct and common intention which is communicated by each party to the other party." Cohen Companyv. Messina (1985), 24 Ohio App.3d 22, 24.
 {¶ 35} Here, there was no "distinct and common intention," which was communicated to each party so as to show a meeting of the minds. Indeed, as previously noted, the alleged oral statement made by Ms. Kalemba contained no specific promises of employment for a definite term.
 {¶ 36} After a careful review of the record, we find that the "oral representations" made by Jennifer Kalemba can not serve as the basis for finding that Pope's status as an employee-at-will had been altered. Consequently, this Court finds Pope's claim for breach of contract based upon the oral representations made by employees of the Patrician fails as a matter of law.
 {¶ 37} Finally, Pope contends that her termination from the Patrician was wrongful based upon claims of promissory estoppel. Specifically, Pope alleges that she was advised to quit her job at a laundromat so that she could work at the Patrician. *Page 13 
 {¶ 38} In order to prove a claim of promissory estoppel, Pope must establish the following elements: 1) a clear and unambiguous promise; 2) reliance on the promise; 3) the reliance is reasonable and foreseeable; and 4) the party relying on the promise was injured by his or her reliance. Patrick v. Painesville Commercial Properties, Inc. (1997),123 Ohio App.3d 575, 583.
 {¶ 39} Here, Pope has failed to demonstrate a genuine issue regarding whether anyone at the Patrician clearly and unambiguously promised her continued employment. The statement relied upon by Pope, that she should quit her job at the laundromat so that she could work at the Patrician, was not a promise or assurance about the length or terms of her employment. Ohio Courts have repeatedly held that the clear and unambiguous promise must be for job security and that a promise of future benefits or opportunities without a specific promise of continued employment cannot support a promissory estoppel claim. Wing v. AnchorMedia, Ltd., supra; Thatcher v. Goodwill Indus. of Akron (1994),117 Ohio App.3d 525; Clark v. Collins Bus Corp., 136 Ohio App.3d 448,2000-Ohio-1640; Enlow v. Empire-Detroit Steel Division, CyclopsCorporation (Aug. 1, 1995), Richland App. No. 94-CA-80; Schepflin v.Sprint-United Telephone of Ohio (Apr. 29, 1997), Richland App. No. 96-CA-62-2; Mesek v. Roberts Communications, Inc. (June 30, 2006), Summit App. No. 22968. *Page 14 
 {¶ 40} Since there was not a clear and unambiguous promise of continued employment, Pope cannot prove a claim of promissory estoppel and the trial court properly granted summary judgment to the Patrician on this issue.
 {¶ 41} Assignments of Error I and II are overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, PRESIDING JUDGE
 CHRISTINE T. McMONAGLE, J., and ANN DYKE, J., CONCUR *Page 1