{¶ 1} Appellant, Janet Wiencek, appeals the trial court's granting of summary judgment in favor of appellee, Continental Airlines, Inc. ("Continental"). After a thorough review of the record, and for the reasons set forth below, we affirm.
 {¶ 2} On June 11, 2007, Wiencek filed a complaint against Continental seeking a declaratory judgment and alleging breach of contract and equitable estoppel regarding her bid and pay seniority dates with the company. On November 1, 2007, Continental filed a motion for summary judgment. On November 19, 2007, Wiencek filed a brief in opposition. On December 13, 2007, the trial court granted Continental's motion for summary judgment.
 {¶ 3} The facts that gave rise to this appeal began on June 21, 1988, when Wiencek began working for Continental in its dining services division. In August 1991, Continental eliminated Wiencek's position when it transferred its dining services operation to Chelsea Catering Corporation ("Chelsea"), a wholly-owned subsidiary of Continental. Wiencek obtained a position with Chelsea. In April 1993, Chelsea merged with and became a division of Continental. In 2000, Wiencek left Chelsea and obtained a position in Continental's field services division.
 {¶ 4} During Wiencek's employment at Chelsea and Continental's dining services and field services divisions, there were policy handbooks, including "Continental Corporate Policy and Procedures," Chelsea's "Working Together Guidelines," and Continental's *Page 4 
"Working Together Guidelines." As outlined in the various handbooks, Continental recognizes a company service date, a pay seniority date, and a bid seniority date.[1]
 {¶ 5} A dispute arose between the parties in 2000 when Wiencek inquired about her bid and pay seniority status in order to confirm that June 21, 1988 was her seniority date. Continental disputed that date for purposes of Wiencek's bid and pay seniority dates.
 Review and Analysis {¶ 6} Wiencek brings this appeal, asserting one assignment of error for our review.
 {¶ 7} "I. The trial court committed reversible error when granting defendant's motion for summary judgment."
 {¶ 8} Wiencek argues that the trial court erred when it granted Continental's motion for summary judgment. More specifically, she alleges that genuine issues of material fact remain regarding her contract and declaratory judgment claims. This argument is without merit.
 {¶ 9} "Civ. R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment *Page 5 
is made, that conclusion is adverse to that party." Temple v. WeanUnited, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267.
 {¶ 10} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1986), 477 U.S. 317, 330,106 S.Ct. 2548, 91 L.Ed.2d 265; Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115,526 N.E.2d 798. Doubts must be resolved in favor of the nonmoving party.Murphy v. Reynoldsburg, 65 Ohio St.3d 356, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 11} In Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107,662 N.E.2d 264, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas
(1991), 59 Ohio St.3d 108, 570 N.E.2d 1095. Under Dresher, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the recordwhich demonstrate the absence of a genuine issue of fact or materialelement of the nonmoving party's claim." Id. at 296. (Emphasis in original.) The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ. R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 12} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto County Commrs. (1993),87 Ohio App.3d 704, 622 N.E.2d 1153. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ. R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to *Page 6 
the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v.McFaul (1990), 71 Ohio App.3d 46, 50, 593 N.E.2d 24; Link v. LeadworksCorp. (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140.
Breach of Contract and Declaratory Judgment
 {¶ 13} We find that, because there are no genuine issues of material fact, the trial court appropriately granted Continental's motion for summary judgment on Wiencek's breach of contract and declaratory judgment claims. Wiencek has failed to establish that a contract exists; therefore, her claims for breach of contract and declaratory judgment fail.
 {¶ 14} According to Continental, its "Working Together Guidelines" explains that pay and bid seniority are division specific and donot transfer from one division to another. Continental's position is that because Wiencek left Continental to work for Chelsea from 1991 to 2000, those dates do not "count" for bid and pay seniority purposes. According to Wiencek, the handbooks are ambiguous and "at no time prior to or following [her] transfer to [Chelsea] had [she] been told that her bid or pay seniority date of June 21, 1988, would not follow her to Chelsea."
 {¶ 15} Wiencek has not demonstrated the existence of a written contract. "Personnel manuals may be important in establishing the terms and conditions of employment, [but they] merely constitute unilateral statements of company rules and regulations." Bartlett v. Daniel DrakeMem. Hosp. (1991), 75 Ohio App.3d 334, 599 N.E.2d 403. Therefore, employment handbooks are not contracts unless the parties manifest an intent to be bound. Pope v. The Patrician, Inc., Cuyahoga App. No. 88802, 2007-Ohio-4048. *Page 7 
 {¶ 16} Wiencek concedes that she is an at-will employee and that employee handbooks are ordinarily not contracts, but she argues that there is evidence that Continental manifested an intent to be bound. However, each applicable handbook in this case clearly contains language that the document does not create a contract. If an employment handbook expressly states that its terms do not constitute a contract, an employee has no right to rely on the handbook as the basis of a contract. See Saini v. Cleveland Pneumatic Co. (May 14, 1987), Cuyahoga App. No. 51913.
 {¶ 17} Wiencek also failed to establish the existence of an oral contract. In order to prove that an oral contract existed, Wiencek needed to show that a meeting of the minds existed. Schwartz v. Comcorp,Inc. (1993), 91 Ohio App.3d 639, 633 N.E.2d 551. Wiencek defeated this claim in her deposition when she repeatedly testified that no one made any oral representations about her bid and pay seniority. Accordingly, we find that Wiencek has failed to establish the existence of a written or oral contract.[2]
 Equitable Estoppel {¶ 18} The trial court also granted Continental's motion for summary judgment on Wiencek's equitable estoppel claim. A claim of equitable estoppel requires a plaintiff to prove that the defendant made a misleading factual misrepresentation, which induced reasonable actual reliance, causing detriment to the plaintiff. Romine v. Ohio State Hwy.Patrol (2000), 136 Ohio App.3d 650, 737 N.E.2d 586. *Page 8 
 {¶ 19} Wiencek has not addressed her equitable estoppel claim in her appellate brief; therefore, that issue is not properly before us. SeeHelman v. EPL Prolong, Inc., 139 Ohio App.3d 231, 2000-Ohio-2593,743 N.E.2d 484. Even if we addressed the merits, Wiencek's claim would fail because, as discussed above, there is no evidence that anyone made any misrepresentations. Accordingly, Wiencek's assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, P.J., and MARY JANE BOYLE, J., CONCUR.
[1] Company service date, which determines benefit eligibility, begins the day an employee begins working at Continental. Pay seniority, which determines pay rate, is determined by length of service within a job classification. Finally, bid seniority, which applies priority for shift bids and overtime, depends on the rules in each division.
[2] We note that Wiencek argues that the terms in the handbooks are ambiguous; however, the alleged ambiguity of the terms is irrelevant because no contract exists.